A. FITZGERALD v. EVANS & HUFFMAN.

*(Case No. 4046.)*

1. JUDGMENT OF REVIVOR.— A judgment of revivor, which simply recites and verifies the rendition of the former judgment, but which makes no provision for the issuance of execution to enforce the collection of the amount formerly ascertained to be due, is not a final judgment.
2. JUDGMENT.— A judgment final should contain, 1st. The facts judicially ascertained, with the manner of ascertaining them entered of record. 2d. The recorded declaration of the court, pronouncing the legal consequences of the facts thus judicially ascertained.

ERROR from Tarrant. Tried below before the Hon. J. A. Carroll.

Samuel Evans and W. A. Huffman, the defendants in error, on the 12th day of March, 1878, filed in the district court of Tarrant county a petition for the revival of a dormant judgment rendered in that court in their favor against A. Fitzgerald, plaintiff in error, on the 15th day of March, 1876, for a sum of money specified in that judgment.

Fitzgerald failed to appear and answer in the proceeding for revival of judgment, and on the 22d day of March, 1878, the court rendered judgment of revival of the former judgment in favor of defendants in error, and against Fitzgerald.

On the 15th day of March, 1880, plaintiff in error filed with the clerk in the district court of Tarrant county a petition for a writ of error, at the same time filing writ of error bond, together with assignment of errors.

The action of the lower court by which it attempted to revive the former judgment, recites: "It appearing to the court that heretofore, to wit, on the 15th day of March, 1876, by a judgment of the court which is of record on pages 24 and 25 of Book A of the minutes of this court, the plaintiffs herein, said Evans & Huffman, recovered a judgment against the said defendant, A. Fitzgerald, and that execution issue on the said judgment rendered as aforesaid, and that plaintiffs do have judgment for all costs in this behalf expended, etc."

There appears in the transcript nothing save the above, to revive the former judgment.

*Cooper & Pendleton* for plaintiff in error.— When *scire facias* is used for the purpose of reviving judgment on which execution has not issued for twelve months after its rendition, it is in the nature of an action, and should contain all the allegations and recitals of previous proceedings necessary to show the plaintiff's right, and that he is entitled to all the judgment or relief prayed for in the action.   Boone *v.* Roberts, 1 Tex., 152–3, and authorities there cited.   Counsel also insisted that the judgment of the court below was not a final judgment, citing 3 Black. Com., 395; Freeman on Judgments, p. 2, sec. 2; 40 Tex., 290.

*John D. Templeton* for defendant in error.

I. The court will not reverse a judgment because it is informal, if from the record the intention of the court can be clearly ascertained and the judgment can be intelligently executed.   The judgment declares the existence of the dormant judgment and awards execution thereon.   Bullock *v.* Ballew, 9 Tex., 498; Camp *v.* Gainer, 8 Tex., 373–4; Minkhart *v.* Hankler, 19 Ill., 48; Freeman on Judgments, secs. 2, 47, 50, 51.

II. The court will not reverse for want of form, if from an inspection of the record it can reform and render judgment. R. S., art. 1043; Waller v. Huff, 9 Tex., 534.

BONNER, ASSOCIATE JUSTICE.— In this case, doubtless through inadvertence, that which purports to be the judgment of revivor is so defective in a material part as not to constitute a final judgment.

A final judgment should contain: 1. The facts judicially ascertained, with the manner of ascertaining them entered of record. 2. The recorded declaration of the court, pronouncing the legal consequences of the facts thus judicially ascertained. Mayfield v. The State, 40 Tex., 290; Hanks v. Thompson, 5 Tex., 10; Warren v. Shuman, id., 449; Scott v. Burton, 6 Tex., 322; Hancock v. Metz, 7 Tex., 177.

The purported judgment under consideration is but a recital of the former one, showing that execution was ordered thereon, but did not adjudge that execution again issue. Freeman on Judgments, § 443; Camp v. Gainer, 8 Tex., 373; Bullock v. Ballew, 9 Tex., 498.

There being no final judgment in this case sufficient to support the appeal, the same, under the long established practice of this court, is dismissed.

DISMISSED.

[Opinion delivered June 15, 1880.]