### DAVIS et al. v. HEMPHILL et al.
#### (No. 10204.)

(Court of Civil Appeals of Texas. Fort Worth. May 13, 1922. Rehearing Denied June 17, 1922.)

1. **Schools and school districts ⬥69—Trustees of district held to have acted within legal authority in proceeding to acquire new site and erect building thereon.**

As Sp. & Loc. Laws, 37th Leg. (1921) c. 40, § 18, creating an independent school district, provides in effect that the board of .trustees are authorized to purchase building sites and erect thereon, furnish and equip needed school buildings in the district, the trustees of such a district, in determining that a new site should be selected, and in proceeding to purchase it and erect a building thereon, acted within their legal authority.

2. **Schools and school districts ⬥69—Decision of county trustees held to uphold action of district trustees as to a new school site and erection of building.**

County trustees in deciding that district trustees were within their powers in establishing a new school site, but that they used bad judgment in not referring the contemplated change to taxpayers and patrons of the school, and recommending that this be done, upheld the legality of the local board so that taxpayers could not question it, though the controversy arose as to matters properly involved in an appeal to higher school authorities.

3. **Schools and school districts ⬥48(7)—County trustees act as quasi judicial board in considering appeals from the superintendent, and their decisions are in the nature of judgments.**

In considering appeals from the county superintendent, the county board of school trustees act as a quasi judicial board, and their decisions are in the nature of judgments, and should be so construed.

4. **Judgment ⬥23—Judgment defined and distinguished from findings.**

A judgment is something more than the findings of fact in the controversy, or even a recommendation as to the future course of the parties litigant. It is the solemn sentence of law pronounced by the court on the facts found, the final consideration and determination of a court of competent jurisdiction on the matters submitted to it, but the opinion or reasons given by the judge constitute no part thereof (citing

2 Words and Phrases, Second Series, Judgment).

5. **Schools and school districts** ☞111—Taxpayers dissatisfied with the decision on appeal to county trustees required to continue appeal to higher school authorities before court would have jurisdiction of injunction.

Taxpayers, dissatisfied with the decision on appeal of county school trustees as to the acquisition of a new school site and the erection of a building thereon by the local board, must continue the appeal to the State Superintendent and thence to the State Board of Education, pursuant to Acts 29th Leg. (1905) c. 124, and Acts 34th Leg. (1915) c. 36 (Vernon's Ann. Civ. St. Supp. 1918, art. 2749a et seq.), before the district court would have jurisdiction of a suit by them for injunction against the action of the local board.

On Motion for Rehearing.

6. **Appeal and error** ☞832(6)—Overruling of motion for notice on hearing motion to dissolve injunction held harmless error.

Overruling of plaintiff's motion that defendants give 10 days' notice of their motion to dissolve an injunction, as required by Rev. St. art. 4664, held harmless error not warranting a rehearing, where a judgment rendered on the merits was the only one legally possible, and defendants were not charged with fraud.

Appeal from District Court, Montague County; C. R. Pearman, Judge.

Suit by G. C. Davis and others against G. W. Hemphill and others. From a judgment dismissing a temporary injunction, plaintiffs appeal. Affirmed.

Donald & Donald, of Bowie, for appellants. W. O. Davis, of Gainesville, and T. H. Yarbrough, of St. Jo, for appellees.

BUCK, J. G. C. Davis, D. E. Millikin, S. T. Payne, and M. A. Hemphill for themselves and 174 other qualified taxpaying voters of the St. Jo independent school district, Montague county, asked for an injunction against the trustees of the school district, restraining them from taking any action whatever in reference to awarding any contract for the erection of a school building upon any site other than the present one, until the question of the selection of the site had been submitted to an election of the voters of the independent school district, and a majority of those voting had decided in favor of abandoning the present school site. They alleged that said board of trustees had refused to submit the question to the people of selecting the proposed site for the new school building, and that complainants had appealed from such action to the county superintendent of Montague county, who found in favor of the action of the board in refusing such petition; that thereafter an appeal was taken by the petitioners to the county board of school trustees, who considered the appeal and rendered the following decision:

"Montague county school board in session at a called meeting: Subject-matter: Change of location of public school site St. Jo, Texas, public school.

"We, the Montague county school board, find and render our decision after hearing the law and evidence in the case as follows, to wit:

"1. We find and believe that the St. Jo school trustees were within their powers as far as establishing a site for the school was concerned.

"2. We further find that they have used bad business judgment and discretion in not referring the contemplated change to the taxpayers and patrons of said school in the form of an election and further, we recommend that this be done.

"3. We further believe that it is advisable that they rescind their actions in this matter and that they give the above mentioned patrons a chance to render their decision on so vital a matter, in the form of an election.

"C. G. Garrett.
"L. E. Petty.
"E. A. Fincher.
"John Kirby."

The petitioners alleged that the judgment and decision of the county board of school trustees was in favor of their contention that the new site should not be purchased or acquired, and that the trustees of the independent school district, hereinafter called trustees, did not appeal therefrom; that they have refused to correct and rescind the order passed by them looking to the acquisition of a new school site, and have accepted a new and different school site, and are now advertising for bids for the erection of a three-story school building to be erected upon the new site selected. They further alleged that the petitioners are owners of the property situated within the school district, and, if the trustees are permitted to disregard the order made and entered by the county board of school trustees, hereinafter called county board, and are permitted to enter into any contract binding upon the district contrary to the intents and purposes of the order made by the county board, that petitioners will sustain damages.

The defendants answered by a plea to the jurisdiction of the district court, by a general demurrer, and by a plea that the order of the county board did not overrule the action of the plaintiff trustees, and by a general denial, and specially pleaded that the present school building has been condemned and is unsafe for use as a school building, and is located on a bleak and desolate hill in a part of the town where there are but few residences, and no business houses and no growth; that no water can be had upon the lot suitable for drinking, and the location is so high that it cannot be reached by the

town's water system; that 85 per cent. of the school population resides on the west or south side of the town and the future growth and extension of the town of St. Jo will be on that side; that the present school building is located across the railroad from a large majority of the scholastic population, and that it is dangerous for the children going and coming from school to cross the tracks of said railroad. Other allegations are contained in the answer tending to show the good faith of the board in voting and determining to change the school site.

The court first granted a temporary injunction, but upon a motion to dissolve the injunction was dissolved and set aside. From this judgment the plaintiffs below have appealed.

It is admitted by the parties to this appeal that St. Jo has 322 children within the scholastic age. It is urged that under Acts 29th Leg. 1905, c. 124, p. 263, and Acts 34th Leg. 1915, c. 36, p. 68 (Vernon's Ann. Civ. St. Supp. 1918, art. 2749a et seq.), that all appeals in school matters shall be taken from the board of trustees to the county superintendent, and from him to the county board of school trustees, thence to the State Superintendent, and thence to the Board of Education.

[1, 2] In Jennings v. Carson, 220 S. W. 1090, the Commission of Appeals discussed the question of the duty of an appeal to the school authorities heretofore mentioned as a prerequisite to the exercise of jurisdiction by the district court, in a case where the county board refused to form school districts from parts of other districts, and held that the district court had no jurisdiction where the appeal had not been prosecuted as prescribed by the Acts of the 34th Legislature heretofore mentioned. Under a law creating the St. Jo independent school district. Special and Local Laws passed by Thirty-Seventh Legislature (1921) c. 40, p. 99, and section 18 thereof, it is provided, in effect, that the board of trustees are authorized to purchase building sites and erect thereon, furnish, and equip all needed school buildings in the district. Hence it appears that the trustees, in at first determining that a new school site should be selected and in proceeding to purchase the same, and to provide for the erection of a building thereon, were acting within their legal authority.

[3, 4] It will be noted that there is no allegation in the petition of plaintiffs charging corruption or fraud or bad faith on the part of the trustees in making the selection of the school site of which they complain. As we understand the decision of the county board, it was to the effect that the St. Jo school trustees were within their powers in establishing a site for the school. There is a further finding that the school board used bad judgment and discretion in not referring the

contemplated change to the taxpayers and patrons of said school in the form of an election, and a recommendation that this be done, and a further finding, as we interpret it, in the form of advice, that the school board rescind their former action and submit the matter of the change in the school site to the patrons of the school and be governed thereby. But we do not understand that the part of the county board's findings which consisted of mere recommendations or advice to the St. Jo school trustees was within their legal powers in determining the site for the new school. In considering an appeal from the decision of the county superintendent, the county board of school trustees was acting as a quasi judicial board. Their decisions upon such an appeal are in the nature of judgments, and should be construed as such. A judgment is something more than the findings of fact in the controversy, or even a recommendation as to the future course of the parties litigant. It is the solemn sentence of law pronounced by the court on the facts found. 3 Bouv. Inst. A judgment is defined in Black's Law Dictionary as:

"The determination or sentence of the law, pronounced by a competent judge or court, as the result of an action or proceeding instituted in such court, affirming that upon the matters submitted for its decision a legal duty or liability does or does not exist."

It is the final consideration and determination of a court of competent jurisdiction on the matters submitted to it. 2 Words and Phrases (Second Series) p. 1245. But the opinion or reasons given by the judge of the court constitute no part of the judgment. State v. Gray, 42 Or. 261, 70 Pac. 904, 71 Pac. 978.

[5] Hence we conclude that the decision of the county board of school trustees upheld the local board's action in so far as any question was raised as to the legality of it. If this construction of the decision or judgment of the county board is sound—and we believe it is—it follows that the plaintiffs below were in no position to question the actions of the local board in proceeding to acquire the building site, which defendants alleged in their answer was given to the school, and in proceeding to erect a building thereon, even though the controversy arose as to matters which were properly involved in an appeal to the higher school authorities. We construe the decision of the county board as sustaining the action of the local board. If the applicants below had been dissatisfied with that decision, they would have had to continue the appeal to the State Superintendent, and thence to the State Board of Education, before the District Court would have had jurisdiction. There is nothing to prevent the board of trustees, or their present successors, from rescinding the former

order, if they deem it for the best interests of the district.

The judgment of the trial court is affirmed.

### On Motion for Rehearing.

[6] Appellants argue that fundamental error was committed by the trial court in overruling their motion that defendants be required to give the 10 days' notice required by article 4664, Revised Statutes, of the motion to dissolve. The motion to dissolve was filed April 4, 1922. The hearing was had on April 7th thereafter. On April 5th plaintiffs below filed a motion that the hearing be postponed until a later date in order that they might have the 10 days' notice allowed under the above article. If our construction of the holding of the county board is correct —and we still think it is—and our conclusion that under the law the local board had the authority, in the exercise of sound discretion, to locate the building site, and since no fraud or other unlawful purpose on the part of the local board was alleged in plaintiffs' petition or otherwise suggested in the record, it would be a useless act on our part to reverse the judgment merely because the trial court committed a technical error in overruling plaintiffs' motion for further time. Under our view, the trial court could have legally rendered no other judgment than the one he did render. The denial of the motion for postponement is at most harmless error. McWilliams v. Commissioners' Court (Tex. Civ. App.) 153 S. W. 368; I. & G. N. Ry. v. Parke (Tex. Civ. App.) 169 S. W. 397, 399.

We have carefully considered appellants' insistent motion for rehearing, but we are still of the opinion that the conclusions expressed in our original opinion are correct. The motion is overruled.