L. G. Mathews and Kenneth Bain, both of Floydada, for appellants.

Vickers & Campbell and John Vickers, all of Lubbock, for appellee.

## FAWVER et al. v. FIRST TEXAS JOINT STOCK LAND BANK OF HOUSTON.

### No. 4981.

Court of Civil Appeals of Texas. Amarillo.

April 4, 1938.

JACKSON, Justice.

The record shows that John Q. Johnson and Mary M. Johnson were husband and wife and prior to his death acquired a community estate comprising, among other things, the three tracts of land involved in this controversy. C. H. Johnson, J. W. Johnson, E. F. Johnson, Polly E. Day, née Johnson, and Mattie M. Fawver, née Johnson, were the children of Mary M. Johnson and John Q. Johnson, deceased. After the death of the deceased, Mary M. Johnson, the surviving widow, and four of the children, as grantors, on December 11, 1907, properly deeded their undivided nine-tenths interest in said three tracts of land to the other child, Mrs. Mattie M. Fawver, as grantee.

The deed recites that the above-named children were the heirs and only heirs at law of John Q. Johnson, deceased, and that Mary M. Johnson, the surviving widow, and the four children named as grantors, "for and in consideration of the sum of Three Thousand Six Hundred Dollars ($3,600.00) to us in hand paid by the said Mrs. Mattie M. Fawver, wife of John A.

Fawver, and of her own separate property and estate, the receipt of which is hereby acknowledged, have granted, sold and Conveyed, and by these presents do Grant, Sell and Convey unto the said Mrs. Mattie M. Fawver, wife of John A. Fawver, to her sole and separate use and benefit during her natural life and to her heirs at her death our entire interest in and to the Real Estate," describing the three tracts of land in controversy, and continues: "To Have and to Hold the above described premises together with all and singular the rights and appurtenances thereto in any wise belonging unto the said Mrs. Mattie M. Fawver to and for her sole and separate use and benefit during her natural life, and at her death to her bodily heirs," following which is a clause which warrants all and singular the premises "unto the said Mrs. Mattie M. Fawver, her heirs and assigns forever, etc."

On February 19, 1936, Mattie M. Fawver and her husband, John A. Fawver, obtained a loan from the First Texas Joint Stock Land Bank of Houston, evidenced by an amortization note for the sum of $5,000, bearing interest at the rate of 6 per cent. per annum and payable in semi-annual installments of $175 each, and to secure the payment thereof executed for the benefit of the bank a deed of trust covering these tracts of land. The makers of the note defaulted in payments, and A. C. Goen, the substitute trustee in the deed of trust, under the terms and provisions thereof, advertised the land for sale on November 2, 1937, at the court house door in Floyd county, Tex., to the highest bidder for cash.

On December 1, 1937, the appellants, J. A. Fawver, Jr., Mabel Fawver, Orville Fawver, Joe Fawver, Alvie Loyd, her husband Gus Loyd, and Mary Corley and her husband T. R. Corley, obtained from the district judge of Floyd county a temporary writ restraining the appellees, the First Texas Joint Stock Land Bank of Houston and A. C. Goen, from selling or attempting to sell the land under and by virtue of the provisions of said deed of trust until the further order of the court.

On January 25, 1938, on appearance day of the regular January term of the district court of Floyd county, the appellees filed their plea in abatement predicated on the failure of appellants to make Mattie M. and John A. Fawver parties to the suit and on the absence of any claim in the petition of waste to their alleged remainder.

On the same day, subject to their plea in abatement, the appellees demurred to the petition because no facts were alleged authorizing an injunction or the cancellation of the deed of trust, but on the contrary, the petition revealed that the land involved was owned by Mattie M. Fawver and that she acquired a nine-tenths interest therein by purchase and a one-tenth interest by inheritance from her father, John Q. Johnson, deceased.

On February 18, 1938, the appellants filed their first amended original petition in which they asserted that they were the owners of the land in controversy; that the title of Mattie M. Fawver, their mother, was limited to a life estate; that appellants are her only heirs and children; that the deed conveying the land to their mother, a copy of which they attach and make part of their petition, "is so worded as to vest only a life estate in said land in Mattie M. Fawver and vest the remainder in her children"; that the land has been advertised for sale, and if not restrained the trustee will sell the property, including both the life estate of their mother and their remainder, for the debt; that such sale will create a cloud on their title and they will thereby be irreparably injured since they have no adequate remedy at law.

They pray that pending a final hearing the court issue a temporary writ enjoining the appellees from selling the property under the deed of trust and that upon a final hearing they have judgment canceling said deed of trust and a foreclosure thereof be denied, but if the appellees be permitted to sell the land under the deed of trust, that the trustee be ordered to sell only the life estate of Mattie M. Fawver so that the title of the remainder vested in appellants will not be clouded by such sale.

A hearing was had before the court at the regular term and judgment entered to the effect that the cause came on to be heard on the 25th day of February, 1938; that the parties appeared in person and by their attorneys; the court considered the plea in abatement, the plea to the jurisdiction, and general demurrer to the "cause of action alleged against" appellees, the request to dissolve the temporary injunction theretofore granted; that the

court after due consideration was of the opinion that the law and facts were with the appellees; that the plea in abatement and general demurrer should be sustained and the injunction dissolved; that it is therefore adjudged and decreed that the suit for the land involved be abated and dismissed, the temporary writ be and is dissolved, and that appellees recover their cost, from which action of the court the appellants prosecute this appeal.

■ It is not clear that the judgment of the court sustained appellees' demurrer to appellants' petition, 25 Tex.Jur. p. 364, § 3; A. Fitzgerald v. Evans & Huffman, 53 Tex. 461; Davis et al. v. Hemphill et al., Tex.Civ.App., 243 S.W. 691; but since the parties appear to so understand the decree, which in any event dismisses the suit and dissolves the writ of injunction, it is such a final judgment as authorizes an appeal therefrom to this court.

■ The appellants did not amend and, so far as the record reveals, did not apply for leave to amend, and after sustaining the general demurrer, the order of the court dismissing the suit and dissolving the injunction were proper. 33 Tex. Jur. 594, par. 152; Jewell et al. v. Hart et al., Tex.Civ.App., 244 S.W. 827; Strictland v. Higginbotham Bros. & Co., Tex. Civ.App., 220 S.W. 433.

■ The appellees contend that the court correctly dismissed the suit and dissolved the temporary injunction theretofore granted because appellants' petition and the deed attached thereto and under which they claim fail to show that the words "her heirs" and "her bodily heirs," found in said deed, were not used in a technical sense and intended to have their technical meaning, and in the absence of a showing that the grantees intended otherwise, the presumption is that such words were used in their technical sense and under the rule in Shelley's Case, Mrs. Mattie M. Fawver held the title in fee subject to appellees' lien.

In Crist v. Morgan et al., Tex.Com. App., 245 S.W. 659, it is held that a devise by a testator of land to his nephews and nieces "for life with remainder thereof in fee on the decease of each, to his or her heirs at law" vested the nephews and nieces with the title to the property in fee under the rule in Shelley's Case, as there was nothing to indicate that the testator intended the word "heirs" in the will to have other than its technical meaning. In

this opinion, written by Commissioner Mc-Clendon, now Chief Justice of the Court of Civil Appeals at Austin, it is said:

"The uniform conclusion is reached that no matter how clear and unequivocal the language by which a life estate only is sought to be given to the ancestor, this purpose and intention is overturned by granting in the same instrument a remainder to his heirs, general or special. * * *

"That in every case where the word 'heirs,' general or special, is not shown to be used other than in its ordinary or technical sense, the rule applies, even though there is an unequivocal manifestation of intention to grant to the ancestor only a life estate. * * *

"We are unable to discover anything in the will before us which can be regarded as an indication that the testator used the words 'heirs' or 'heirs at law' in any other than their ordinary or technical sense. As shown above, the fact that he clearly intended to grant to his living nieces and nephews only a life estate in the property devised to them, the fact that he may have had solicitude for his grandchildren, and the fact that he used the expression 'at their decease,' are not sufficient to overturn the legal presumption that the words 'heirs at law' and 'heirs' were used technically."

See, also, Wallace et al. v. First Nat. Bank of Paris, 120 Tex. 92, 35 S.W.2d 1036.

The rights of the appellants to injunctive relief depend on the alleged facts, which under this record we accept as true, showing they owned an interest in the property. They say they acquired their interest by the conveyance to Mrs. Fawver, their mother, on December 11, 1907, the parts of which material to this appeal we have heretofore quoted. In our opinion, under the authorities and the record, the deed vested the fee in Mrs. Fawver, since nothing is revealed which would authorize the court in holding that the grantors in the deed did not use the words "her heirs" and "her bodily heirs" in their technical sense.

Appellants' motion to correct the record is granted.

The judgment of the trial court dismissing the suit and dissolving the temporary writ of injunction theretofore granted is affirmed.