Richard L. CHANDLER, et ux., Appellants,

v.

George E. REDER, et ux., Appellees.

No. 07–81–0104–CV.

Court of Appeals of Texas, Amarillo.

June 22, 1982.

Rehearing Denied June 22, 1982.

Original Opinion April 14, 1982 Withdrawn.

Richard L. Chandler, Lubbock, pro se and for appellants.

John W. Broadfoot, Amarillo, for appellees.

Before REYNOLDS, C. J., and DODSON and COUNTISS, JJ.

## ON MOTION FOR REHEARING

REYNOLDS, Chief Justice.

On original submission of this appeal by Richard L. Chandler and wife, Patrick L. Chandler, we accepted the litigants' representation that the Chandlers were appealing from a take-nothing summary judgment rendered in their action to recover monetary damages from George E. Reder and wife, Neolla Reder, for libel. Holding in our 14 April 1982 opinion that, on the record before us, neither the Reders nor the Chandlers were entitled to the respective summary judgment for which each moved in the trial court, we rendered our concurrent judgment of reversal and remand.

However, upon a critical review of the appellate record in considering the Chandlers' motion for rehearing, we now conclude that the trial court has not rendered a final judgment from which an appeal may be taken. We, therefore, withdraw our former opinion, set aside our judgment and, based on the rationale expressed in this opinion, overrule the Chandlers' motion for rehearing and render a judgment of dismissal.

In the action underlying this appeal, docketed as Cause No. 22,072 in the trial court, the Chandlers set forth allegations of libel to their character by the Reders. The Reders answered with a general denial and pleadings of truth and the Chandlers' bad reputation.

Thereafter, the Reders moved for summary judgment on the specific ground "of the applicable statute of limitations." By their motion, the Reders further moved that in the event summary judgment on the entire case was refused, the court grant a partial summary judgment, specifying the controverted and uncontroverted facts and directing such further proceedings as may be required.

In turn, the Chandlers filed their opposition to the Reders' motion for summary judgment and presented their general motion for partial summary judgment on the issue of liability. The Reders neither answered nor otherwise responded to the Chandlers' summary judgment motion.

■ Hearing the two motions for summary judgment together with other matters, the trial court orally pronounced, insofar as is material to this appeal, the following:

It is the Judgment of this Court in Cause No. 22,072 that . . .

\* \* \* \* \* \*

Three, the Plaintiffs' [the Chandlers'] Motion for Summary Judgment is denied.

\* \* \* \* \* \*

And Five, the Defendants' [the Reeders'] Motion for Summary Judgment is granted.

The costs are to be taxed—are taxed to the party incurring the same.

Apparent from the oral pronouncement is that the court did not completely "render" judgment in the sense of settling and declaring the decision of the law upon the

matters at issue. It is to be remembered that, although a judgment may be rendered orally or in writing, *Comet Aluminum Company v. Dibrell*, 450 S.W.2d 56, 58 (Tex. 1970), the rendition of a judgment "is the judicial act by which the court settles and declares the decision of the law upon the matters at issue," *Coleman v. Zapp*, 105 Tex. 491, 151 S.W. 1040, 1041 (1912), and that a judgment is not rendered until it has been completely announced. *Corder v. Corder*, 189 S.W.2d 100, 102 (Tex.Civ.App.— El Paso 1945, writ ref'd).

The lack of rendition of judgment by the court's oral pronouncement is peculiarly apparent. In orally pronouncing that the Reders' motion is granted, the court did not complete its pronouncement to settle and declare the decision of the law as to either of the alternative grounds presented to the court by the Reders' motion. Absent a declaration of the decision of the law upon the matters at issue, the oral pronouncement by the court did not constitute a final judgment, *Fitzgerald v. Evans & Huffman*, 53 Tex. 461 (1880), but merely indicated the judgment to be rendered. Evidently the court was of the same mind, for the court requested the preparation of "the Order of the Court."

Subsequently, the court signed a prepared instrument entitled "ORDER GRANTING SUMMARY JUDGMENT" which, stating that the court heard only the Reders' motion for summary judgment, recites the court's findings and pronouncements in these words:

> Having considered the Defendants' motion, the pleadings, and affidavits on file herein as well as the argument of counsel, the court finds that there is no genuine issue of any material fact, that the claim of Defendants against Plaintiffs is liquidated and founded upon several instruments in writing, and that Defendants are entitled to judgment as a matter of law.
>
> IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED that all costs are assessed against the party incurring same, for which let execution and other appropriate process issue.

It is at once obvious that the instrument is insufficient, either by itself or in conjunction with the court's oral pronouncement, as a final judgment; its decree only echoes the oral adjudication of costs.

The recitations preceding the decretal portion of the written instrument do not suffice to complete the rendition of judgment. Those recitations—aside from misreporting the court's oral pronouncement, misstating the matters considered by the court, and misnaming the Reders' defense— are reasons for and findings to support the rendition of a judgment. But, although reasons and findings are proper inclusions in a judgment, *Fitzgerald v. Evans & Huffman, supra*, the reasons given form no part of the judgment rendered, *Davis v. Hemphill*, 243 S.W. 691, 693 (Tex.Civ.App.—Fort Worth 1922, no writ), and the findings made are not the rendition of judgment. *Comet Aluminum Company v. Dibrell, supra*, at 59.

In brief, there has not been rendered a final judgment sufficient to support an appeal. As a consequence, the appeal must be dismissed. *Fitzgerald v. Evans & Huffman, supra*.

The appeal is dismissed.