grayson v. amerson 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-92-506-CV





HARVEY M. GRAYSON,



 APPELLANT


vs.





CAROLYN RUTH AMERSON,



 APPELLEE



 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT



NO. 91-16272, HONORABLE JOE B. DIBRELL, JUDGE PRESIDING



 




 Harvey M. Grayson appeals from a judgment holding him liable for child support
payable to Carolyn Amerson, mother of their child, Latesha Amerson. We will dismiss the appeal
for want of jurisdiction.

 The Attorney General filed this action on behalf of Carolyn seeking a declaration
that Harvey is the father of Latesha. Carolyn petitioned the court to appoint her managing
conservator of Latesha and also sought child support from Harvey. Harvey answered with a
general denial, a denial of paternity, and various affirmative defenses. He later filed a third-party
petition impleading Britthany Alexander Grayson, a child born to a second woman, Lori Leanne
Linney. He admitted that he is the father of both Latesha and Britthany, and he requested the
court to decree he is the father of both children, to render orders for conservatorship and support
of the children, and to consider Britthany when calculating child support for Latesha. He also
filed statements of paternity for each child. The record does not contain proof of service;
however, Lori, as Britthany's next friend, filed an answer denying the allegations. Harvey's
attorney filed both the petition and the general denial.

 After a trial on the merits, the trial court rendered judgment. With regard to
Latesha, the court ordered that: (1) Harvey was her biological father; (2) Carolyn was appointed
managing conservator and Harvey possessory conservator; and (3) Harvey owed a duty of support
in the amount of $148.46 per month. The court recited in the decree that it "found" that Harvey
was the biological father of Britthany but made no other findings and rendered no orders regarding
or affecting Britthany. The judgment makes no other reference to Harvey's claims, nor does it
contain a "Mother Hubbard" clause denying all claims not expressly granted.

 Harvey appeals the trial court's order and the method it used in setting Latesha's
child support. In particular, he complains that the trial court failed to set the amount of support
based upon Harvey's being the parent of two children, rather than one child. Before reaching the
merits, we must determine whether we can consider the appeal.

 We are required to determine our jurisdiction to decide the appeal, even when the
issue is not raised by a party. Pelt v. State Bd. of Ins., 802 S.W.2d 822, 825 (Tex. App.--Austin
1990, no writ). Absent statutory exceptions not applicable here, appellate courts can review only
final and definite judgments which fully dispose of all issues and all parties in the lawsuit. Hinde
v. Hinde, 701 S.W.2d 637, 639 (Tex. 1985); North E. Indep. Sch. Dist. v. Aldridge, 400 S.W.2d
893, 895 (Tex. 1966). In Aldridge, the supreme court clarified this point: 

When a judgment, not intrinsically interlocutory in character, is rendered and
entered in a case regularly set for a conventional trial on the merits, no order for
a separate trial of issues having been entered, . . . it will be presumed for appeal
purposes that the Court intended to, and did, dispose of all parties legally before
it and all issues made by the pleadings between such parties.



Aldridge, 400 S.W.2d at 897-98. This presumption, however, can be rebutted by a contrary
showing in the record. Id. at 898.


 The judgment recites:



THE COURT FINDS that Harvey M. Grayson is the biological father of Britthany
A. Grayson; however, the Court makes no further findings or orders regarding or
affecting this child.



Recitations preceding the decretal portion of a written instrument form no part of the decree. Ellis
v. Mortgage & Trust, Inc., 751 S.W.2d 721 (Tex. App.--Fort Worth 1988, no writ); Stevens v.
Cain, 735 S.W.2d 694 (Tex. App.--Amarillo 1987, no writ); Chandler v. Reder, 635 S.W.2d 895
(Tex. App.--Amarillo 1982, no writ). Therefore, the "finding" that Harvey is Britthany's father
does not constitute a final adjudication of the claim. Moreover, the trial court expressly stated
that it was making no orders regarding Britthany. The judgment does not indicate a non-suit,
dismissal, transfer, or severance of the third-party claim. Without regard to whether the matters
should have been joined, this action is still pending.

 The judgment of the trial court is not final because it did not dispose of the third-party claim. Accordingly, we dismiss the appeal for want of jurisdiction. (1)



 

 Marilyn Aboussie, Justice

[Before Chief Justice Carroll, Justices Aboussie and Jones]

Dismissed For Want Of Jurisdiction

Filed: April 28, 1993

[Do Not Publish]
1. Moreover, although we do not reach the merits, in the absence of a judgment that
Harvey has a legal obligation to support Britthany, we question how he can show that
Britthany must be considered by the trial court in setting child support for Latesha.