NO. 07-00-0225-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

NOVEMBER 27, 2001

_____

H.B. TAYLOR, JR.

Appellant

v.

BRIGHAM OIL & GAS, L.P., BRIGHAM MANAGEMENT and
VERITAS GEOPHYSICAL, LTD.

Appellee

_____

FROM THE 31st JUDICIAL DISTRICT COURT OF WHEELER COUNTY;

NO. 10341; HON. JUDGE STEVEN R. EMMERT, PRESIDING

_____

*ON ABATEMENT AND REMAND*

Before QUINN, REAVIS, and JOHNSON, JJ.

Pending before the court is an appeal attempted by H.B. Taylor from what purports to be a summary judgment. For the reasons which follow, we abate the appeal and remand the cause for additional proceedings.

## *FACTS*

The appeal involves a suit initiated by Brigham Oil & Gas, L.P., Brigham Land Management and Veritas Geophysical, Ltd., (collectively referred to as Brigham) against Taylor. Through the petition, Brigham sought, among other things, a judgment declaring and enforcing its right to conduct seismic exploration under an oil and gas lease. In response to the suit, Taylor counterclaimed for affirmative relief. The cause of action he asserted sounded in negligence. That is, Taylor alleged that Brigham "committed negligent acts in reckless disregard of [his] rights . . . ." Thereafter, Brigham moved for summary judgment upon its claims and those of Taylor. The grounds purportedly justifying summary judgment were several. Furthermore, on December 15, 1998, the trial court executed a document entitled Order on Motion for Summary Judgment. Therein, it itemized the grounds for summary judgment asserted by Brigham in its motion and stated that each was "Granted."

Approximately 13 months later, Brigham moved to nonsuit its claim for attorneys fees so that the "Court's Order on Motion for Summary Judgment may become final and appealable . . . ." That motion was granted on January 20, 2000, and in granting it, the trial court stated that dismissing the claim for fees "thereby [made] the Court's December 15, 1998 Order on Motion for Summary judgment a final and appealable order." Lastly, it is from the January 20, 2000 Order on Nonsuit that Taylor appealed.

## *APPLICABLE LAW*

It is axiomatic that final summary judgments may undergo immediate appellate review. For such decrees to be final, however, they must meet various criteria. Of those

2

criteria, the foremost is the need for the rendition of an actual judgment. *Disco Machine of Liberal Co. v. Payton*, 900 S.W.2d 71, 73 (Tex. App.–Amarillo 1995, no writ). The latter constitutes the judicial act by which the court settles the dispute and "declares the decision of the law upon the matters at issue." *Id.*; *Chandler v. Reder*, 635 S.W.2d 895, 896-97 (Tex. App.--Amarillo 1982, no writ); *Comet Aluminum Co. v. Dibrell*, 450 S.W.2d 56, 59 (Tex. 1970) (noting that a judgment is rendered when the judge officially announces his decision in his official capacity and for his official guidance the sentence of law pronounced by him in any cause). Absent such a declaration there is no final judgment. *Chandler v. Reder*, 635 S.W.2d at 896-97. More importantly, this requirement is not fulfilled by simply granting a motion for summary judgment. *Disco Machine of Liberal Co. v. Payton*, 900 S.W.2d at 73; *Harper v. Welchem, Inc.*, 799 S.W.2d 492, 494 (Tex. App.-- Houston [14th Dist.] 1990, no writ); *Chandler v. Reder*, 635 S.W.2d at 896-97; *accord, Pierce v. Benefit Trust Life Ins. Co.*, 784 S.W.2d 516, 517 (Tex. App.--Amarillo 1990, writ denied) (record initially disclosing merely an order granting the motion for summary judgment but not the judgment itself).

### *Application of Law*

The January 20th document from which Taylor attempted to appeal does not declare the decision of the law upon the matters at issue. It merely purports to grant a nonsuit and finalize the Order on Motion for Summary Judgment executed 13 months earlier on December 15th. Moreover, the Order on Motion for Summary Judgment is nothing more

than an indication of the trial court's decision *vis-a-vis* the motion for summary judgment. It does not express a specific settlement of rights between the parties. Nor does it disclose the specific and final result officially condoned by and recognized under the law. Thus, it is not tantamount to an act pronouncing a specific sentence as required by *Comet Aluminum*. Indeed, it is identical to the orders which the courts in *Harper*, *Chandler*, and *Pierce* refused to deem as final judgments.

In short, we have before us no judgment as contemplated by the authority cited above. Without a judgment there was nothing for the trial court to finalize via its January 20th order involving nonsuit. And, in absence of the rendition of a final judgment, we have no jurisdiction over the cause, and dismissal is warranted. However, from utmost caution and to possibly avoid exposing the parties to needless expense, we opted to forego dismissal and instead follow the procedure expounded in *Pierce v. Benefit Trust Life Ins. Co.* Consequently, we abate the appeal and remand the cause to the trial court. Upon remand, the trial court shall give notice to appellate counsel and proceed forthwith to supplement the record to show whether or not a final judgment was rendered. If judgment was rendered, the rendition of same shall be reduced to writing, dated as of the date of rendition, and signed by the trial court; but if judgment was not rendered, the court shall so certify in writing. The trial court shall then cause its written judgment or certification of no judgment to be included in a supplemental transcript, certified to by the clerk of the court, and transmitted to the clerk of this court no later than December 21, 2001. If

4

necessary to accommodate the trial court's schedule, a request reasonably explaining the need for additional time for the submission shall be filed prior to December 21, 2001. Upon receipt of the supplement, the court will determine whether to dismiss the appeal or grant other appropriate relief.

It is so Ordered.


Brian Quinn
Justice


Do not publish.

5