NO. 07-01-0505-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



OCTOBER 4, 2002


______________________________



JOYCE C. AND LOUIE J. CORDOVA
,




 Appellants


v.



JOEL C. OSBORN, M.D., 




 Appellee

_________________________________



FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;



NO. 89,189-A; HON. DAVID L. GLEASON, PRESIDING


_______________________________



Before QUINN and JOHNSON, JJ., and BOYD, S.J. (1)

 Joyce C. Cordova and Louie J. Cordova (the Cordovas) appeal from a purported
summary judgment granted in favor of appellee Joel C. Osborn, M.D. (Osborn). In three
issues, the Cordovas contest whether 1) the trial court erred in granting a no-evidence
summary judgment in favor of Osborn, 2) they produced more than a scintilla of evidence
to create a genuine issue of material fact, and 3) whether the trial court abused its
discretion in excluding their supplemental response and evidence from the summary
judgment record. We dismiss for want of jurisdiction.

 The order from which appeal was attempted simply states that the no-evidence
motion for summary judgment filed by Osborn "is well taken and should be granted," that
"IT IS, THEREFORE, ORDERED, ADJUDGED, and DECREED that the No-Evidence
Motion . . . be and the same is hereby granted," and that "IT IS FURTHER ORDERED,
ADJUDGED and DECREED that all costs attendant to said motion be taxed against the
party incurring said cost." (Emphasis added.) There is no statement within the document
declaring the decision of the law upon the matter at issue. Such is a requisite of a final
judgment. Disco Mach. of Liberal Co. v. Payton, 900 S.W.2d 71, 73 (Tex. App.-Amarillo
1995, no writ); Chandler v. Reder, 635 S.W.2d 895, 896-97 (Tex. App.-Amarillo 1982, no
writ). Without it, the decree is not final. Id. More importantly, the requirement is not
satisfied by simply stating that a motion for summary judgment is granted. Id. In that
situation, the court merely grants a motion; it does not pronounce any ultimate decision in
its official capacity or ultimate sentence of the law. Consequently, the order before us is
not final, and we have no jurisdiction over the cause other than to dismiss it.

 Accordingly, the cause is dismissed for want of jurisdiction.


 Per Curiam


Do not publish.
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. tex. gov't
code ann. §75.002(a)(1) (Vernon Supp. 2002). 



titlement to same,
Bates, 2001 WL 513450, at *1, Green had the obligation to provide us with evidence of the
foregoing indicia (or the like) against which we could test the reasonableness of the court's
supposed delay. 

 Here, however, we have no evidence of the complexity of the 4 motions in question
(since we lack a copy of same), the number of other cases, motions, or issues pending on
the trial court's docket, the number of cases, motions, or issues which have pended on its
docket longer than that at bar, the number of cases, motions, or issues pending on its
docket that lawfully may be entitled to preferential settings, or the trial court's schedule. 
Without such evidence, any attempt to assess whether the judge of the 108th acted
unreasonably in allegedly failing to address the 4 motions would be mere folly. Again, a
trial court has great discretion over its docket. And, while it cannot opt to unreasonably
delay hearing a motion, no litigant is entitled to a hearing at whatever time he may
choose. (3) 

 Accordingly, the petition for writ of mandamus is denied. 

 

 Per Curiam

 

Do not publish. 
1. Green, also, filed pleadings with his Mandamus application entitled "Plaintiff's Motion to
Modify/Amend Claim for Damages" and "Motion for Recovery of Expenses." However, it appears from these
documents that he intended to file them with the 108th District Court as the documents are styled "In the 108th
District Court of Potter County, Texas." Furthermore, Green seeks through the motions 1) permission from
the trial court to amend his pleadings and 2) attorney's fees for the prosecution of his lawsuit. Consequently,
we will forward them to the district clerk of Potter County, Texas for filing.
2. That Green acts in a pro se capacity does not relieve him from complying with the rules of appellate
procedure. Holt v. F.F. Enterprises, 990 S.W.2d 756, 759 (Tex. App.--Amarillo 1998, pet. denied).
3. To the extent that Green also asks us to order the trial court to grant his motion for summary
judgment, we cannot do that. Our authority, when subject to exercise, extends solely to ordering a court to
act upon a motion; we cannot tell the trial court how to rule. O'Donniley v. Golden, 860 S.W.2d 267, 269
(Tex. App. - Tyler 1993, no pet.). Nor do we have the authority to ourselves rule on the pending motions
for our jurisdiction extends solely to acting once the trial court has acted or arbitrarily refused to act. 
O'Connor v. First Court of Appeals, 837 S.W.2d 94, 97 (Tex. 1992).