NO. 07-01-0505-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

OCTOBER 4, 2002

_____

JOYCE C. AND LOUIE J. CORDOVA,

Appellants

v.

JOEL C. OSBORN, M.D.,

Appellee

_____

FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;

NO. 89,189-A; HON. DAVID L. GLEASON, PRESIDING

_____

Before QUINN and JOHNSON, JJ., and BOYD, S.J.[*]

Joyce C. Cordova and Louie J. Cordova (the Cordovas) appeal from a purported summary judgment granted in favor of appellee Joel C. Osborn, M.D. (Osborn). In three issues, the Cordovas contest whether 1) the trial court erred in granting a no-evidence summary judgment in favor of Osborn, 2) they produced more than a scintilla of evidence to create a genuine issue of material fact, and 3) whether the trial court abused its

_____

[*]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. TEX. GOV'T CODE ANN. §75.002(a)(1) (Vernon Supp. 2002).

discretion in excluding their supplemental response and evidence from the summary judgment record. We dismiss for want of jurisdiction.

The order from which appeal was attempted simply states that the no-evidence motion for summary judgment filed by Osborn "is well taken and should be granted," that "IT IS, THEREFORE, ORDERED, ADJUDGED, and DECREED that the No-Evidence Motion . . . be and the same is hereby granted," and that "IT IS FURTHER ORDERED, ADJUDGED and DECREED that all costs attendant *to said motion* be taxed against the party incurring said cost." (Emphasis added.) There is no statement within the document declaring the decision of the law upon the matter at issue. Such is a requisite of a final judgment. *Disco Mach. of Liberal Co. v. Payton*, 900 S.W.2d 71, 73 (Tex. App.–Amarillo 1995, no writ); *Chandler v. Reder*, 635 S.W.2d 895, 896-97 (Tex. App.–Amarillo 1982, no writ). Without it, the decree is not final. *Id.* More importantly, the requirement is not satisfied by simply stating that a motion for summary judgment is granted. *Id.* In that situation, the court merely grants a motion; it does not pronounce any ultimate decision in its official capacity or ultimate sentence of the law. Consequently, the order before us is not final, and we have no jurisdiction over the cause other than to dismiss it.

Accordingly, the cause is dismissed for want of jurisdiction.

Per Curiam

Do not publish.

2