Dismissed and Memorandum Opinion filed November 29, 2007








Dismissed
and Memorandum Opinion filed November 29, 2007.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00849-CV

____________

 

RESOURCE HEALTH SERVICES, INC., Appellant

 

V.

 

ACUCARE HEALTH STRATEGIES, INC., Appellee

 



 

On Appeal from the 269th
Judicial District Court

Harris County, Texas

Trial Court Cause No. 06-55876

 



 

M E M O R A N D U M   O P I N I O N

In this restricted appeal, a judgment debtor attempts to
appeal the trial court=s judgment in a proceeding under the Uniform
Enforcement of Foreign Judgments Act.  Because there is no judgment in the
trial court from which appeal may be taken, this court lacks appellate
jurisdiction.  Accordingly, we dismiss this appeal.








Appellee Acucare Health Strategies, Inc. (AAcucare@) obtained a judgment against appellant Resource
Health Services, Inc. (AResource@) in a Virginia district court. 
Acucare then filed an affidavit in the trial court below seeking to enforce the
Virginia judgment in Texas under the Uniform Enforcement of Foreign Judgments
Act.  Tex. Civ. Prac. & Rem. Code
Ann. '35.001, et seq. (Vernon 1997).  If a judgment creditor follows all
the procedures of the Uniform Act, the foreign judgment becomes a Texas
judgment in the court in which it is filed.  See Tex. Civ. Prac. & Rem. Code Ann. '35.003; Mindis Metals, Inc. v.
Oilfield Motor & Control, Inc., 132 S.W.3d 477, 483 (Tex. App.CHouston [14th Dist.] 2004, pet.
denied) (stating that, if a judgment creditor follows the procedures of the
Uniform Act for filing a foreign judgment, A[t]he judgment [becomes] enforceable
as a Texas judgment on the date it was filed@).  Under the Uniform Act, the
judgment creditor must file an authenticated copy of the foreign judgment as
well as
an affidavit.  See Tex. Civ.
Prac. & Rem. Code Ann. '' 35.003, 35.004.  The appellate record shows that Acucare filed an affidavit but that it did
not file any judgment in the trial court.  Although the affidavit states that
the Virginia judgment is attached, there is no judgment attached to the
affidavit in our record, and the district clerk has confirmed that there is no
judgment in the trial court=s file.              Although the affidavit purports to
describe the judgment, the affidavit is not a judgment, and this court cannot
treat the affidavit as if it were a judgment.  See Hamilton v. Empire Gas
& Fuel Co., 110 S.W.2d 561, 566 (Tex. 1937) (holding that judgments
must be in the trial court=s record to be effective and that affidavits cannot be
accepted as a substitute for a such a judgment).  Furthermore, Acucare has not
satisfied the Uniform Act=s requirement that an authenticated copy of the judgment be
filed.  Therefore, there is no Texas judgment under the Uniform Act.  See
Tex. Civ. Prac. & Rem. Code Ann.
'35.003; Mindis Metals, Inc.,
132 S.W.3d at 483.  








Because
there is no judgment in the trial court from which Resource can appeal, this
court must dismiss for lack of appellate jurisdiction.[1] 
See Ulmer v. Ulmer, 130 S.W.3d 294,  296 (Tex. App.CHouston [14th Dist.] 2004, no pet.)
(en banc) (stating that courts of appeals have appellate jurisdiction only over
final judgments and those interlocutory orders and judgments that the
legislature has expressly made appealable by statute); Chandler v. Reder,
635 S.W.2d 895, 897 (Tex. App.CAmarillo 1982, no writ) (holding that appeal must be
dismissed because the trial court did not render a judgment sufficient to
support an appeal).

In its
opening brief, Resource did not note that Acucare failed to file the Virginia
judgment in the trial court; however, Resource did raise this issue in its
reply brief.  Acucare has filed a motion to strike this reply brief on the
ground that it raises entirely new issues as to which error was not assigned in
the opening brief.  Because Acucare=s failure to file a judgment in the
trial court below deprives this court of appellate jurisdiction, Resource may
raise this argument at any time during this appeal, including in its reply
brief.   See
Tullos v. Eaton Corp., 695 S.W.2d 568, 568B69 (Tex. 1985)
(stating that lack of appellate jurisdiction is fundamental and can be raised
at any time during the appeal).  Accordingly, we deny Acucare=s motion to
strike.  In addition, finding that it lacks merit, we deny Acucare=s motion for
appellate sanctions under Texas Rule of Appellate Procedure 45.  

This case is dismissed for lack of appellate jurisdiction.

 

 

/s/      Kem Thompson Frost

Justice

 

Dismissed and
Memorandum Opinion filed November 29, 2007.

Panel consists of Justices Anderson, Fowler, and Frost.









[1]  Both Resource and Acucare have attached to their
appellate briefs documents that are not contained in our appellate record. 
With limited exceptions not relevant here, an appellate court may not consider
matters outside the appellate record.  See Bencon Mgmt. & Gen.
Contracting, Inc. v. Boyer, Inc.,  178 S.W.3d 198, 210B11 (Tex. App.C
Houston [14th Dist.] 2005, no pet.).  Therefore, we cannot consider these
documents.  See id.