NO. 07-11-00314-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 4, 2012

CRAIG E. MENDENHALL, APPELLANT

v.

DARRYL E. GLENN, APPELLEE

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NO. 97,649-E; HONORABLE DOUGLAS WOODBURN, JUDGE

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant, Craig E. Mendenhall, appeals the trial court's judgment granting summary judgment in favor of appellee, Darryl E. Glenn, and dismissing Mendenhall's claims against Glenn. On appeal, Mendenhall maintains that the "purported final judgment does not reflect a statement of finality" and does not "conclusively resolve this case on the merits." We will conclude otherwise and affirm the trial court's judgment.

Factual and Procedural History

Mendenhall maintains that, on March 4, 2009, Glenn, the law librarian at the TDCJ's Clements Unit, filed false disciplinary charges against Mendenhall in order to harm him and deprive him of a protected constitutional right. In connection with these allegations, he filed suit on June 5, 2009. In his petition, he asserted three distinct claims against Glenn: (1) intentional violations of sections 37.10, 39.03, and 39.04 of the Texas Penal Code;[1] (2) retaliation; and (3) due process violations. Glenn answered on July 9, 2009, denying Mendenhall's allegations and also asserting sovereign, official, and qualified immunity as defenses.

Mendenhall filed a motion for summary judgment on January 5, 2010. The trial court denied Mendenhall's motion for summary judgment by order signed March 25, 2011. Glenn filed his motion for summary judgment on January 25, 2011. In his motion, Glenn asserted distinct, individualized grounds for summary judgment as to each of the three claims Mendenhall had asserted against Glenn and also asserted sovereign and qualified immunity as grounds for summary judgment.

The trial court signed an order labeled "FINAL JUDGMENT" on April 13, 2011, in which it announced its disposition of Glenn's motion for summary judgment. That order, in its entirety, provided as follows:

> On this day Defendant's Motion for Summary Judgment came before the Court. After having considered said motion and the pleadings of the

---

[1] The cited provisions concern tampering with a governmental record, official oppression, and violation of civil rights of a person in custody, respectively. See TEX. PENAL CODE ANN. §§ 37.10, 39.03–.04 (West 2011).

2

parties filed herein, the Court is of the opinion that the following order should issue:

It is hereby ORDERED that Defendant's Motion for Summary Judgment be GRANTED and that Plaintiff's claims against Defendant Daryl [sic] E. Glenn [are] hereby DISMISSED with prejudice in their entirety.

Mendenhall contends that the trial court's order is not a final judgment. Specifically, Mendenhall contends that the trial court "abused its discretion or committed egregious error when [it] . . . entered a final judgment which purported to be final but failed to state the specific settlement of rights between the parties / or disclose the specific and final result." He asks that we review the record to determine whether the trial court's order is a final judgment. We conclude that the trial court's order is, in fact, a final judgment and affirm the same.

Standard and Scope of Review

When asked to review a claim that a judgment is not final, the appellate court will review the record in its entirety and determine whether the challenged judgment was final. Lehmann v. Har-Con Corp., 39 S.W.3d 191, 205–06 (Tex. 2001). Because the law does not require that a final judgment be in any particular form, we determine whether a judicial decree is a final judgment from its language and the record in the case. Id. at 195. Because the finality of the judgment implicates our jurisdiction over this appeal and because our jurisdiction is a question of law, we review the finality of the judgment *de novo*. See Garcia v. Comm'rs Court, 101 S.W.3d 778, 783 (Tex.App.—Corpus Christi 2003, no pet.).

## Applicable Law

When there has been no traditional trial on the merits, no presumption arises regarding the finality of a judgment. Crites v. Collins, 284 S.W.3d 839, 840 (Tex. 2009) (per curiam) (citing Lehmann, 39 S.W.3d at 199–200). To determine whether an order is final, courts and parties must examine the express language of the order and whether the order actually disposes of all claims against all parties. Id.

"[A] judgment issued without a conventional trial is final for purposes of appeal if and only if either it actually disposes of all claims and parties then before the court, regardless of its language, or it states with unmistakable clarity that it is a final judgment as to all claims and all parties." Lehmann, 39 S.W.3d at 192–93. To be a final judgment, it must determine rights of the parties and dispose of all issues involved so that no future action by the court will be necessary in order to settle and determine the entire controversy. Wagner v. Warnasch, 295 S.W.2d 890, 892 (Tex. 1956); Henderson v. S. Farm Bureau Ins. Co., 370 S.W.3d 1, 4 (Tex. App.—Texarkana 2012, pet. denied).

In disposing of the parties' claims, a judgment must be sufficiently definite and certain to define and protect the rights of all litigants, or it should provide a definite means of ascertaining such rights, to the end that ministerial officers can carry the judgment into execution without ascertainment of facts not therein stated. Stewart v. USA Custom Paint & Body Shop, Inc., 870 S.W.2d 18, 20 (Tex. 1994) (citing, among other authorities, Hinde v. Hinde, 701 S.W.2d 637, 639 (Tex. 1985) (per curiam), and Steed v. State, 183 S.W.2d 458, 460 (Tex. 1944)); Karen Corp. v. Burlington N. & Santa Fe Ry. Co., 107 S.W.3d 118, 125 (Tex.App.—Fort Worth 2003, pet. denied).

4

The rendition of a judgment "is the judicial act by which the court settles and declares the decision of the law upon the matters at issue." Chandler v. Reder, 635 S.W.2d 895, 897 (Tex.App.—Amarillo 1982, no writ) (op. on reh'g) (quoting Coleman v. Zapp, 151 S.W. 1040, 1041 (Tex. 1912)). "It is elemental that recitations preceding the decretal portion of a written instrument, albeit proper inclusions, form no part of the decree . . . ." Stevens v. Cain, 735 S.W.2d 694, 695 (Tex.App.—Amarillo 1987, orig. proceeding) (en banc) (citing Chandler, 635 S.W.2d at 897). "It is the court's order that counts, not the stated reasons or oral qualifications." Jampole v. Touchy, 673 S.W.2d 569, 574 (Tex. 1984) (orig. proceeding), disapproved of on other grounds by Walker v. Packer, 827 S.W.2d 833, 842 (Tex. 1992) (orig. proceeding). So, although reasons and findings may be proper inclusions in a judgment, the reasons given form no part of the judgment rendered; the findings made are not the rendition of judgment. Chandler, 635 S.W.2d at 897 (citing Comet Aluminum Co. v. Dibrell, 450 S.W.2d 56, 59 (Tex. 1970) (orig. proceeding), Fitzgerald v. Evans & Huffman, 53 Tex. 461, 463 (1880), and Davis v. Hemphill, 243 S.W. 691, 693 (Tex.Civ.App.—Fort Worth 1922, no writ)). That is, the validity of a judgment is not controlled or qualified by unnecessary recitals; only the decretal portion of a judgment adjudicates the cause. Taylor v. Taylor, 747 S.W.2d 940, 944 (Tex.App.—Amarillo 1988, writ denied). A judgment is "[t]he determination or sentence of the law, pronounced by a competent judge or court, as the result of an action or proceeding instituted in such court, affirming that upon the matters submitted for its decision a legal duty or liability does or does not exist." Davis, 243 S.W. at 693 (quoting contemporary edition of Black's Law Dictionary). "It is the final consideration and determination of a court of competent jurisdiction on the matters submitted to it,"

5

but, again, "the opinion or reasons given by the judge of the court constitute no part of the judgment." Id.

This Court has been called upon a number of times to review similar contentions with respect to orders which purported to be final summary judgments. See Smith v. City of Lubbock, No. 07-10-00466-CV, 2011 Tex. App. LEXIS 2874, at *2–3 (Tex.App.—Amarillo Apr. 15, 2011, no pet.) (per curiam); Maco Enters., Inc. v. Hefner, No. 07-97-00382-CV, 1998 Tex. App. LEXIS 1901, at *3 (Tex.App.—Amarillo Mar. 26, 1998, no pet.) (per curiam); Disco Mach. of Liberal Co. v. Payton, 900 S.W.2d 71, 74 (Tex.App.—Amarillo 1995, writ denied); Chandler, 635 S.W.2d at 897.[2] When the order at issue did not adjudicate the rights involved or evince a final result recognized by the law, we concluded that such order was not a final judgment. See Smith, 2011 Tex. App. LEXIS 2874, at *2–3. That is, the order did "not express a specific settlement of rights between the parties" or "disclose the specific and final result officially condoned by and recognized under the law." Id.; Disco Mach., 900 S.W.2d at 74; see Chandler, 635 S.W.2d at 897. As was the case in Disco Machine, the trial court's order did nothing more than indicate "the trial court's decision *vis-a-vis* the motions for summary judgment." Disco Mach., 900 S.W.2d at 74; see also Smith, 2011 Tex. App. LEXIS 2874, at *2–3.

---

[2] See also Tex. Windstorm Ins. Ass'n v. Poole, No. 07-07-00061-CV, 2007 Tex. App. LEXIS 8281, at *1–2 (Tex.App.—Amarillo Oct. 18, 2007, no pet.) (mem. op.) (per curiam) (concluding that order granting plea to jurisdiction was not final in the absence of "any language expressly adjudicating the rights involved or specifically dismissing the suit"); Stevens, 735 S.W.2d at 695 (examining the decretal portion of the questioned judgment to determine what issue(s) the trial court had adjudicated).

Analysis

Mendenhall does not raise any issue that could be read to fairly include a challenge to the trial court's decision to grant Glenn's motion for summary judgment. See TEX. R. APP. P. 38.1(f). So, we restrict our review to the finality of the judgment. We look to the record and observe that Mendenhall brought suit against Glenn only and that Glenn did not raise any counterclaim. So, the trial court had before it three distinct claims for affirmative relief against a sole defendant. That sole defendant, Glenn, sought summary judgment as to each of those claims. In its judgment, the trial court announced that it granted Glenn's motion for summary judgment and then "ordered" that Mendenhall's claims against Glenn were "dismissed with prejudice in their entirety."

Mendenhall seems to complain that the trial court did not include more specific conclusions or resolutions in its final judgment. Such specific statements of the trial court's decision-making process were not necessary for the trial court to have rendered final judgment in the instant cause. See Chandler, 635 S.W.2d at 897. The trial court's judgment stated that it granted Glenn's motion for summary judgment but did not end at that. Cf. Disco Mach., 900 S.W.2d at 74. The judgment went on to include decretal language that finally and unequivocally disposed of Mendenhall's claims against Glenn; it "declare[d] the decision of the law upon the matters at issue" by dismissing Mendenhall's claims against Glenn with prejudice and in their entirety. See Chandler, 635 S.W.2d at 896–97. By its language, the trial court's judgment disposed of all Mendenhall's claims against Glenn, the sole defendant in the case. It left nothing else

7

to be resolved.  Following this judgment, there were no pending claims that called for the trial court's further consideration or resolution.

Mendenhall has asked this Court to determine whether the judgment at issue is sufficiently definite to constitute a final judgment.  We conclude that it is.  Accordingly, we overrule Mendenhall's sole issue presented on appeal.

Conclusion

Having overruled Mendenhall's sole issue on appeal, we affirm the trial court's judgment.  See TEX. R. APP. P. 43.2(a).


Mackey K. Hancock
Justice