DISCO MACHINE OF LIBERAL COMPANY, et al., Appellants,

v.

George W. PAYTON, Jr., Appellee.

No. 07–94–0041–CV.

Court of Appeals of Texas, Amarillo.

Feb. 15, 1995.

Law Offices of John Mann, John Mann, Shamrock, for appellants.

Kasmir & Krage, L.L.P., Martin J. Sweeney and Ben L. Krage, Dallas, E. Dean Roper, Amarillo, for appellee.

Before REYNOLDS, C.J., and BOYD and QUINN, JJ.

### ON ABATEMENT AND REMAND

QUINN, Justice.

Disco Machine of Liberal Company (Disco Machine), Aubrey D. Green, Andrew E. Green, Michael B. Green, Dean Knobloch, James M. Haning, and Diversified Industrial Service Company (Diversified) (collectively referred to as Appellants) attempt an appeal from an order denying their motion for summary judgment and granting the motion of George W. Payton, Jr. for partial summary judgment. By two points of error, the Appellants contend that the trial court erred. For the reasons which follow, we abate the appeal and remand the cause for additional proceedings.

### PERTINENT FACTS

Payton sued the Appellants alleging five "Counts" or causes of action.[1] The Appellants joined issue through their answer, asserting among other things the affirmative defense of laches and limitations. Soon thereafter, Payton moved for partial summary judgment on one of the five counts, that is, the count relating to the enforcement of preemptive shareholder rights. Sought was an order "permitting him to purchase the additional Disco stock, or, in the alterna-

1. The "Counts" referred to are those in the live pleading denominated "Plaintiffs First Amended Original Petition."

tive, rescinding the July 31, 1985 Disco resolution and cancelling the Disco treasury shares issued in contravention of his preemptive rights." The Appellants responded with their own motion for summary judgment contending that all the causes of action asserted by their opponent were barred by laches or limitations.

The trial court eventually called the two motions for hearing. By a Second Nunc Pro Tunc Order on Plaintiff's Motion for Partial Summary Judgment (Nunc Pro Tunc Order), it granted that of Payton and denied that of the Appellants. It then severed "for purposes of appeal" "Plaintiff's claim under Texas Business Corporation Act, Article 2.22.1 [sic]" dealing with preemptive rights. However, neither the Nunc Pro Tunc Order nor the appellate record disclose the particular relief awarded Payton, that is, authorization to purchase shares or to rescind the transfer to Disco Machine. Nor does the record reflect rendition or entry of an actual judgment.

## APPLICABLE LAW

It is axiomatic that final summary judgments may undergo immediate appellate review. For such decrees to be final, it must meet various criteria. Of those criteria, the foremost is the need for the rendition of an actual judgment. The latter constitutes the judicial act by which the court settles the dispute and "declares the decision of the law upon the matters at issue." *Chandler v. Reder,* 635 S.W.2d 895, 896–97 (Tex.App.—Amarillo 1982, no writ); *Comet Aluminum Co. v. Dibrell,* 450 S.W.2d 56, 59 (Tex.1970) (noting that a judgment is rendered when the judge officially announces his decision in his official capacity and for his official guidance the sentence of law pronounced by him in any cause). Absent such a declaration there is no final judgment. *Chandler v. Reder,* 635 S.W.2d at 896–97. This requirement is not fulfilled by simply granting a motion for summary judgment, especially when the motion contains alternative grounds of relief. *Harper v. Welchem, Inc.,* 799 S.W.2d 492, 494 (Tex.App.—Houston [14th Dist.] 1990, no writ); *Chandler v. Reder,* 635 S.W.2d at 896–97; *accord, Pierce v. Benefit Trust Life Ins.*

*Co.,* 784 S.W.2d 516, 517 (Tex.App.—Amarillo 1990, writ denied) (record initially disclosing merely an order granting the motion for summary judgment but not the judgment itself).

Second, the judgment rendered must dispose of all issues and parties. *Cherokee Water Co. v. Ross,* 698 S.W.2d 363, 365 (Tex.1985). Should the decision not do so, it is deemed interlocutory. *Teer v. Duddlesten,* 664 S.W.2d 702, 703 (Tex.1984). Nevertheless, an interlocutory judgment may be made final and appealable by severing the unadjudicated issues and parties. *Id.*

Third, because a judgment serves to end the controversy with the "highest degree of exact justice humanly possible", its terms must be certain and definite. *Jones v. Springs Ranch Co.,* 642 S.W.2d 551, 553 (Tex.App.—Amarillo 1982, no writ). For example, a decree from which the particular recovery cannot be ascertained is too vague to constitute a final judgment. *H.E. Butt Grocery Co. v. Bay, Inc.,* 808 S.W.2d 678, 680 (Tex.App.—Corpus Christi 1991, no writ); *accord, Harper v. Welchem, Inc.,* 799 S.W.2d at 495–96 (Tex.App.—Houston [14th Dist.] 1990, no writ) (construing as interlocutory a summary judgment which failed to specify on which ground it was issued when several grounds were asserted and each conflicted with the other). The Nunc Pro Tunc Order here at issue fails to meet several of the foregoing criteria.

### a. No Rendition and Fatally Uncertain

The order to which the Appellants objected and from which they appealed states:

"Comes Now the Court and having considered the motion and brief of Plaintiff for Partial Summary Judgment pursuant on [sic] its claim for violation of pre-emptive [sic] rights based upon the Texas Business Corporation Act, Article 2.22–1, and, further considered the motion and brief of Defendants for Summary Judgment based upon the Statute of Limitations as to all of Plaintiff's claims, and having held a hearing on same and have heard oral arguments finds as follows:

1) The Plaintif's [sic] motion for Partial Summary Judgment is granted and Defendants' Motion for Summary Judgment on Statute of Limitations as to the pre-emptive [sic] rights claim ... is denied.

2) Defendants' Motion for Summary Judgment based upon Statute of Limitations ... is held in abeyance pending appeal of the grant of Summary Judgment in the above ruling for Plaintiff based upon Article 2.22–1 C(2). All matters are hereby stayed pending that appeal.

3) Upon oral motion of the Defendants, Plaintiff's claim under Texas Business Corporation Act, Article 22.2–1 is hereby granted and severed for purposes of appeal ...

Signed and Entered this 19th day of December, 1993."

This declaration is nothing more than an indication of the trial court's decision *vis-a-vis* the motions for summary judgment. It does not express a specific settlement of rights between the parties. It does not disclose the specific and final result officially condoned by and recognized under the law. Thus, it is not tantamount to an act pronouncing a specific sentence as required by *Comet Aluminum.* Indeed, it is identical to the orders which the courts in *Harper, Chandler,* and *Pierce* refused to deem as final judgments.

Moreover, its failure to disclose the specific relief granted denies it the certainty prerequisite to a final enforceable decree. One is left wondering whether it entitles Payton to acquire additional shares of Diversified or to rescind the sale and transfer of Diversified stock to Disco Machine. Both measures of relief were expressly sought, and both comprised a portion of his article 2.22–1 claim. Yet, the two are inconsistent. Which redress the court purported to grant is unknown. To resolve the question would necessitate additional action by the trial court, thereby negating any possibility that the Nunc Pro Tunc Order was final.

### b. Interlocutory

Next, the severance granted encompassed the "Plaintiff's *claim* under Texas Business Corporation Act, Article 2.22.1 [sic]". (em-

phasis supplied). Comprising part of that "claim", and requested in the motion for partial summary judgment, was a plea for attorney's fees. Nowhere does the Nunc Pro Tunc order address or otherwise dispose of that particular issue. Nor does the order purport to sever it from the general article 2.22–1 claim. The Order having failed to dispose of all issues comprising the severed 2.22–1 claim, it cannot be deemed final. *See Bath v. Bath,* 588 S.W.2d 650, 651 (Tex.Civ. App.—Tyler 1979, no writ) (holding that the court's failure to address a pending request for attorney's fees made the order interlocutory).

### RESULT

■ In absence of the rendition of a final judgment, this court has no jurisdiction over the cause. Dismissal is warranted. However, from utmost caution and to possibly avoid exposing the parties to needless expense, we instead follow the procedure expounded in *Pierce v. Benefit Trust Life Ins. Co.*

Consequently, we abate the appeal and remand the cause to the trial court. Upon remand, the trial court shall give notice to appellate counsel and proceed forthwith to supplement the record to show whether or not a final judgment was rendered. If judgment was rendered, the rendition of same shall be reduced to writing, dated as of the date of rendition, and signed by the trial court; but if judgment was not rendered, the court shall so certify in writing. The trial court shall then cause its written judgment or certification of no judgment to be included in a supplemental transcript, certified to by the clerk of the court, and transmitted to the clerk of this court no later than March 17, 1995. If necessary to accommodate the trial court's schedule, a request reasonably explaining the need for additional time for the submission shall be filed prior to March 17, 1995. Upon receipt of the supplement, the court will determine whether to dismiss the appeal and grant other appropriate relief.

■ Leave to supplement merely encompasses permission to augment the appellate record with the *existing* trial court record; it does not allow the creation of a *new* trial

court record. *Graham v. Pazos De La Torre*, 821 S.W.2d 162, 165 (Tex.App.—Corpus Christi 1991, no writ). Thus, if judgment was never rendered the parties cannot cause it to now be rendered and included within the supplement.

It is so Ordered.