NO. 07-02-0195-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

OCTOBER 17, 2002

_____


JIMMY SWINNEY, DONLEY COUNTY CONSTABLE,
PRECINCT 1 AND 2, APPELLANT

V.

JACK HALL, INDIVIDUALLY AND AS DONLEY COUNTY JUDGE,
DON HALL, INDIVIDUALLY AND AS DONLEY COUNTY COMMISSIONER,
ERNEST JOHNSTON, INDIVIDUALLY AND  AS DONLEY COUNTY
COMMISSIONER, HENRY "BUSTER" SHIELDS, INDIVIDUALLY AND AS
DONLEY COUNTY COMMISSIONER, BOB TROUT, INDIVIDUALLY
AND AS DONLEY COUNTY COMMISSIONER, AND DONLEY COUNTY,
TEXAS, APPELLEES

_____

FROM THE 100TH DISTRICT COURT OF DONLEY COUNTY;

NO. 5890; HONORABLE DAVID M. MCCOY, JUDGE

_____

Before QUINN and REAVIS, JJ., and BOYD, SJ.[1]

---

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.  Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2002).

Jimmy Swinney (Swinney) brings this appeal from a summary judgment dismissing his claims against appellees Jack Hall, the County Judge of Donley County, each member of the Donley County Commissioner's Court in their individual and official capacities, and Donley County. In his suit, Swinney sought declaratory relief, mandamus and damages arising from his service as constable in Donley County Precincts 1 and 2. For reasons hereinafter stated, we dismiss the appeal for want of jurisdiction.

In 1999, Swinney was elected by a write-in vote to the long vacant office of Constable for Donley County Precincts 1 and 2. His term of office began on January 1, 2001. Based upon research done by them, the Commissioner's Court set a budget of approximately $5,000 for the operation of Swinney's office. Being dissatisfied with the amount allocated, on June 19, 2001, Swinney filed the suit giving rise to this appeal. In the suit, he sought declarations that, *inter alia*, the salary set for the position was not reasonable as a matter of law, the Commissioner's Court had a ministerial duty to set a reasonable salary, they had failed to do so, and under section 87.011(2)(B) of the Local Government Code, the court was guilty of gross carelessness in the discharge of their duties, and the defendants were jointly and severally liable for his attorney's fees. He also sought a writ of mandamus directing the Commissioner's Court to set a reasonable salary for his position, and asked for back pay based on that reasonable salary.

In their June 29, 2001 answers, appellees asserted general denials and raised affirmative defenses of official and sovereign immunity. On that same day, County Judge

2

Jack Hall and Commissioners Don Hall and Bob Trout filed a joint motion seeking summary judgment, as did Commissioners Buster Shields and Ernest Johnston. Although separate, both motions alleged grounds that were basically the same. However, in their motion, Shields and Johnston additionally argued they were not proper parties because they had not been members of the Commissioner's Court when the budget was set. Swinney also filed a motion seeking a partial summary judgment on the commissioners' duty to set a reasonable salary for his office.

Because of his failure to obtain the required Texas Peace Officer license within 270 days of taking office, Swinney resigned as constable on September 29, 2001. *See* Texas Local Gov't Code Ann. § 86.0021(b) (Vernon 1999). On January 31, 2002, the trial court denied Swinney's motion seeking partial summary judgment and granted the motions for summary judgment of "Jack Hall, individually and as Donley County Judge, Don Hall individually and as Donley County Commissioner, Bob Trout, individually and as Donley County Commissioner, Henry "Buster" Shields, individually and as Donley County Commissioner, Ernest Johnston [sic], individually and as Donley County Commissioner, and Donley County, Texas."

Initially, we note that even if the question is not raised by the parties, this court is obligated *sua sponte* to determine its jurisdiction to hear this appeal. *Welch v. McDougal*, 876 S.W.2d 218, 220 (Tex.App.--Amarillo 1994, writ denied). It is axiomatic that in order to be final and appealable, a judgment must dispose of all issues and parties in the case.

3

*Lehmann v. Har-Con Corp.*, 39 S.W.3d 191 (Tex. 2001). Before we can discuss the issues raised by the parties, we must first determine whether the trial court's order, which purports to grant summary judgment for all defendants, is a final judgment for purposes of appeal, even though Donley County, one of the parties for whom judgment is rendered, did not file a motion seeking the judgment.

In a supplemental brief and at oral argument, appellees argued the judgment was final and appealable because 1) the court's order expressly names each defendant, 2) by bringing this appeal, appellant has waived any challenge to the finality of the order, and 3) the parties have treated the order as a final judgment.

In *Lehmann,* the court reviewed the requirements for a judgment to be final and appealable. In doing so, it recognized and reiterated the rule that no presumption of finality may be indulged in favor of judgments not tried on the merits. 39 S.W.3d at 200, 204. In the course of its discussion, the *Lehmann* court expressly considered instances in which a trial court gave more relief than requested and held that such error "makes the order reversible, but not interlocutory." *Id.* at 204. Under that teaching, even though it was granted without being requested, if it met other necessary requirements to be final, it could be reviewed on appeal.

While it is true that a final summary judgment may undergo immediate appellate review, to be considered final, it must satisfy certain criteria. Of those criteria, the most

important is the need for the rendition of an actual judgment. The decretal portion of the judgment reads as follows:

> Therefore, it is ORDERED, ADJUDGED AND DECREED that the Motion for Summary Judgment of Defendants, Jack Hall, Individually and as Donley County Judge, Don Hall, Individually and as Donley County Commissioner, Henry "Buster" Shields, Individually and as Donley County Commissioner, Ernest Johnston, Individually and as Donley County Commissioner, and Donley County, Texas, be and is hereby GRANTED.
>
> Costs. All costs of court in this cause, all attorney's fees and all other costs are adjudged against the party by whom incurred.

In *Chandler v. Reder*, 635 S.W.2d 895 (Tex.App.--Amarillo 1982, no writ), and *Disco Machine of Liberal Co. v. Payton*, 900 S.W.2d 71 (Tex.App.--Amarillo 1995, writ denied), we had occasion to consider summary judgments with similar decretal provisions. In *Disco,* we noted that such declarations[2] "are nothing more than an indication of the trial court's decision *vis-a-vis* the motions for summary judgment. It does not express a specific settlement of rights between the parties. It does not disclose the specific and final result officially condoned by and recognized under the law." *Id.* at 74. As we did in the preceding two cases, we can only hold that in the absence of the rendition of a cognizable final judgment, this court has no jurisdiction over the appeal.

Accordingly, the appeal must be, and is hereby, dismissed.

---

[2]That is, the mere declaration that a summary judgment is rendered without more specificity as to the disposition of the contentions of the parties.

5

John T. Boyd
Senior Justice

Do not publish.