NO. 07-03-0307-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

DECEMBER 22, 2004

_____

IN RE: ARDELLA VEIGEL INTER VIVOS TRUST NO. 2,
AMARILLO NATIONAL BANK, AMARILLO, TEXAS,

                                                                          Appellants

v.

MABEL WALTER ROGERS, LARRY FRANK WALTER, ROBERT WAYNE VEIGEL,
DOROTHY ANN VEIGEL OSWALD AND JO ANN VEIGEL EUDY,

                                                                          Appellees
_____

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NO. 84,743-E; HON. ABE LOPEZ, PRESIDING
_____

***Abatement***
_____

Before JOHNSON, C.J., and QUINN and REAVIS, JJ.

Pending before the court is an appeal from an "Agreed Judgment," signed on April 14, 2003, allowing Amarillo National Bank to withdraw as trustee of various trusts. The dispute, however, involves a document entitled "Order Granting and Denying Summary Judgment Motions." In that order, the trial court declared that "Petitioner's First Summary Judgment Motion, as amended and supplemented, is Granted" while "Robert Wayne

Veigel's Motion for Partial Summary Judgment, as amended and supplemented, is Denied." It did not include, however, any language in the document expressly adjudicating the rights involved. Nor was such language included in the April 14[th] "Agreed Judgment" or the "Order on Status of Case," also signed on April 14, 2003.[1]

In *Chandler v. Reder*, 635 S.W.2d 895 (Tex. App.–Amarillo 1982, no writ), and *Disco Machine of Liberal Co. v. Payton*, 900 S.W.2d 71 (Tex. App.–Amarillo 1995, writ denied), we had occasion to consider summary judgments with similar decretal provisions as the order here. In *Disco,* we noted that such declarations were "nothing more than an indication of the trial court's decision *vis-a-vis* the motion[] for summary judgment." *Disco Machine of Liberal Co. v. Payton*, 900 S.W.2d at 74. They do "not express a specific settlement of rights between the parties" or "disclose the specific and final result officially condoned by and recognized under the law." *Id.* at 74. Thus, such orders were not final because they did not adjudicate the rights involved or evince a final result recognized by the law.

Here, we have an order granting one motion for summary judgment and denying another. Yet, without the decretal language discussed in the preceding paragraph, the order is not a final judgment. Nor is it made final by either the April 14th "Agreed Judgment" or status order because they too lack the requisite decretal language. Nonetheless, it is rather clear that the trial court intended for the dispute to be finally adjudicated. Given this situation, rule of procedure allows us to grant the trial court opportunity to modify the order

---

[1]The trial court did note in the status order that it believed that the prior order granting and denying summary judgment motions had become final due to the non-suits of various parties and claims. However, language adjudicating the rights of those involved went missing.

from which appeal was taken to make it final. TEX. R. APP. P. 27.2 (stating that the appellate court may allow an appealed order that is not final to be modified so as to be made final and may allow the modified order and all proceedings relating to it to be included in a supplemental record).

Accordingly, we abate the appeal and remand the cause to the trial court. Upon remand, the trial court is ordered to modify the April 14th "Agreed Judgment" or status order or the January 10, 2002 "Order Granting and Denying Summary Judgment Motions" so as to decree an adjudication of the rights involved and a result to be recognized by the law. Finally, the trial court is directed to include each modified judgment or order it may execute in a supplemental record to be filed with the clerk of this court on or before January 14, 2005.

Per Curiam