NO. 07-04-0511-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



FEBRUARY 16, 2005



______________________________



IN THE MATTER OF THE MARRIAGE OF


FREDERICK IRWIN CHADWICK AND


TAMMY SUE CHADWICK AND


IN THE INTEREST OF C.L.C., A CHILD 


_________________________________



FROM THE 31ST DISTRICT COURT OF LIPSCOMB COUNTY;



NO. 03-10-3797; HONORABLE STEVEN EMMERT, JUDGE



_______________________________



Before JOHNSON, C.J., and QUINN and CAMPBELL, JJ.

MEMORANDUM OPINION


 On February 11, 2005, the appellant filed a Motion to Dismiss Appeal. No decision
of this Court having been delivered to date, we grant the motion. Accordingly, the appeal
is dismissed. No motion for rehearing will be entertained and our mandate will issue
forthwith. Tex. R. App. P. 42.1. All costs incurred are adjudged against the party incurring
the same. 



 James T. Campbell

 Justice



thdraw as trustee of various trusts. The
dispute, however, involves a document entitled "Order Granting and Denying Summary
Judgment Motions." In that order, the trial court declared that "Petitioner's First Summary
Judgment Motion, as amended and supplemented, is Granted" while "Robert Wayne
Veigel's Motion for Partial Summary Judgment, as amended and supplemented, is Denied." 
It did not include, however, any language in the document expressly adjudicating the rights
involved. Nor was such language included in the April 14th "Agreed Judgment" or the
"Order on Status of Case," also signed on April 14, 2003. (1) 

 In Chandler v. Reder, 635 S.W.2d 895 (Tex. App.-Amarillo 1982, no writ), and Disco
Machine of Liberal Co. v. Payton, 900 S.W.2d 71 (Tex. App.-Amarillo 1995, writ denied),
we had occasion to consider summary judgments with similar decretal provisions as the
order here. In Disco, we noted that such declarations were "nothing more than an
indication of the trial court's decision vis-a-vis the motion[] for summary judgment." Disco
Machine of Liberal Co. v. Payton, 900 S.W.2d at 74. They do "not express a specific
settlement of rights between the parties" or "disclose the specific and final result officially
condoned by and recognized under the law." Id. at 74. Thus, such orders were not final
because they did not adjudicate the rights involved or evince a final result recognized by
the law.

 Here, we have an order granting one motion for summary judgment and denying
another. Yet, without the decretal language discussed in the preceding paragraph, the
order is not a final judgment. Nor is it made final by either the April 14th "Agreed Judgment"
or status order because they too lack the requisite decretal language. Nonetheless, it is
rather clear that the trial court intended for the dispute to be finally adjudicated. Given this
situation, rule of procedure allows us to grant the trial court opportunity to modify the order
from which appeal was taken to make it final. Tex. R. App. P. 27.2 (stating that the
appellate court may allow an appealed order that is not final to be modified so as to be
made final and may allow the modified order and all proceedings relating to it to be included
in a supplemental record).

 Accordingly, we abate the appeal and remand the cause to the trial court. Upon
remand, the trial court is ordered to modify the April 14th "Agreed Judgment" or status order
or the January 10, 2002 "Order Granting and Denying Summary Judgment Motions" so as
to decree an adjudication of the rights involved and a result to be recognized by the law. 
Finally, the trial court is directed to include each modified judgment or order it may execute
in a supplemental record to be filed with the clerk of this court on or before January 14,
2005. 

 Per Curiam
1. The trial court did note in the status order that it believed that the prior order granting and denying
summary judgment motions had become final due to the non-suits of various parties and claims. However,
language adjudicating the rights of those involved went missing.