NO. 07-07-0061-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 18, 2007

_____

TEXAS WINDSTORM INSURANCE ASSOCIATION,

Appellant

v.

RENETTA POOLE & WALTER POOLE,

Appellees

_____

FROM THE 345TH DISTRICT COURT OF TRAVIS COUNTY;

NO.  D-1-GN-06-003747; HON. STEPHEN YELENOSKY, PRESIDING

*On Abatement and Remand*
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Pending before the court is an appeal from an "Order Granting Defendant's Plea to the Jurisdiction," signed on November 17, 2006.  The order, however, did not include any language expressly adjudicating the rights involved or specifically dismissing the suit.

In *Chandler v. Reder*, 635 S.W.2d 895 (Tex. App.–Amarillo 1982, no writ), and *Disco Machine of Liberal Co. v. Payton*, 900 S.W.2d 71 (Tex. App.–Amarillo 1995, writ denied), we had occasion to consider summary judgments which lacked the language

necessary to make the order final and appealable. In *Disco,* we noted that declarations by the trial court that the summary judgment was granted were "nothing more than an indication of the trial court's decision *vis-a-vis* the motion[] for summary judgment." *Disco Machine of Liberal Co. v. Payton*, 900 S.W.2d at 74. They do "not express a specific settlement of rights between the parties" or "disclose the specific and final result officially condoned by and recognized under the law." *Id.* at 74. Thus, such orders were not final because they did not adjudicate the rights involved or evince a final result recognized by the law.

Here, we have an order granting one party's plea to the jurisdiction. Yet, without the decretal language expressly adjudicating the rights involved, the order is not a final judgment. Nonetheless, it is rather clear that the trial court intended for the dispute to be ended through dismissal. Given this situation, rule of procedure allows us to grant the trial court opportunity to modify the order from which appeal was taken to make it final. TEX. R. APP. P. 27.2 (stating that the appellate court may allow an appealed order that is not final to be modified so as to be made final and may allow the modified order and all proceedings relating to it to be included in a supplemental record).

Accordingly, we abate the appeal and remand the cause to the trial court. Upon remand, the trial court is ordered to modify the November 17, 2006 "Order Granting Defendant's Plea to the Jurisdiction" in a manner rendering it a final, appealable order. Finally, the trial court is directed to include the modified judgment or order it may execute in a supplemental record to be filed with the clerk of this court on or before November 16, 2007.

Per Curiam