NO. 07-10-0466-CV

 

IN
THE COURT OF APPEALS

 

FOR
THE SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL
D

 



APRIL 15, 2011

 



 

ROBERT SMITH,  

 

                                                                                         Appellant


v.

 

CITY OF LUBBOCK and ST. PAUL FIRE

and MARINE INSURANCE COMPANY, 


 

                                                                                         Appellees

_____________________________

 

FROM THE 237th DISTRICT
COURT OF LUBBOCK COUNTY;

 

NO. 2008-542,012-A; HONORABLE
WILLIAM C. SOWDER, PRESIDING

 



 

On
Motion to Dismiss/Abatement

 



 

Before QUINN, C.J., and 
CAMPBELL and PIRTLE, JJ.

            Pending before the court is the
motion of St. Paul Fire and Marine to dismiss the appeal for want of
jurisdiction.  We hold that motion in
abeyance and abate and remand the cause for entry of final orders.

            Robert Smith sued several
individuals or entities, two of which were St. Paul and the City of
Lubbock.  The cause was assigned number
2008-542,012.  The City of Lubbock and
St. Paul thereafter filed their respective motions for final summary
judgment.   On December 21, 2009, the trial court signed
an order wherein it stated that “the court is of the opinion that the City[‘s] . . . Motion . . . should be GRANTED” and
“therefore ORDERED, ADJUDGED, and DECREED that the City of Lubbock’s Motion for
Summary Judgment is Granted.”  Six months
later, that is on June 21, 2010, a separate order was signed by the trial court
which not only referred to the prior summary judgment granted the City but also
stated that the “Motion for Summary Judgment of . . . St. Paul . . . is granted.”  Through that same order, the claims of Smith
against the City and St. Paul were “severed into cause number 2008-542,012-A.” 
(Emphasis added).  At that point,
the trial court wrote, in its order, that the “matters in that cause [2008-542,012-A]
are final and are ripe for appeal” and that “the matters in this cause
[2008-542,012] will be abated if that cause is appealed.”  Neither order, however, specified whether
Smith was denied or granted recovery, in whole or part, against either of the
mentioned defendants.  In other words,
the orders signed by the trial court did not expressly adjudicate the rights of
the parties.

            In Chandler v.
Reder, 635 S.W.2d 895 (Tex. App.–Amarillo 1982, no writ), and Disco Machine of Liberal Co. v.
Payton, 900 S.W.2d 71 (Tex. App.–Amarillo
1995, writ denied), we had occasion to consider summary judgments which lacked the language
necessary to make the order final and appealable.   In Disco, we noted that declarations by the trial court that the summary judgment was
granted were “nothing more than an indication of the trial court's decision vis-a-vis the
motion[] for summary judgment.” Disco Machine of Liberal Co. v. Payton, 900 S.W.2d at 74. They did “not express a specific settlement of
rights between the parties” or “disclose the specific and final result
officially condoned by and recognized under the law.”  Id.  Thus, such orders were not final because they
did not adjudicate the rights involved or evince a final result recognized by
the law.  Texas Windstorm Ins. Ass’n v. Poole, No. 07-07-0061-CV, 2007 Tex. App. Lexis 8281 (Tex. App.–Amarillo October 18, 2007, no pet.) (mem. op.).

            Here, we have like orders simply granting the motions for
summary judgment.  Yet, without the decretal language expressly adjudicating the rights
involved, the orders are not final, appealable judgments.  Nonetheless, it is rather clear that the
trial court intended for the dispute to be final, at least between Smith, the
City of Lubbock, and St. Paul.  Given
this situation, rule of procedure allows us to grant the trial court
opportunity to modify the order from which appeal was taken to make it
final.  Tex.
R. App. P. 27.2 (stating that the appellate court may allow an appealed
order that is not final to be modified so as to be made final and may allow the
modified order and all proceedings relating to it to be included in a
supplemental record).

            Accordingly, we abate the appeal and remand the cause to
the trial court.  Upon remand, the trial
court is ordered to modify the December 21, 2009 and June 21, 2010 orders
granting summary judgment in a manner rendering them final, appealable orders
or judgments.  Finally, the trial court
is directed to include the modified judgments or orders it may execute in a
supplemental record to be filed with the clerk of this court on or before May
16, 2011.

                                                                        Per
Curiam