Opinion
issued April 26, 2012

 



 

In The

Court of Appeals

For The

First District of Texas

 



 

NO. 01B10B00286BCV

 



 

LYNN LEVIT GOETZ,
Appellant

 

V.

 

JOSEPH SAMUEL GOETZ,
Appellee

 



 

On Appeal from the 129th
District Court

Harris County, Texas

Trial Court Cause No.
2006-35680

 



 

MEMORANDUM
OPINION








Appellant, Lynn Levit Goetz, appeals the trial
court’s January 6, 2010 order dismissing the underlying case for lack of
jurisdiction.  The clerk’s record was
first due on May 6, 2010.  Because appellant
has, for two years, failed to file a clerk’s record, we dismiss the appeal.

          According to the district clerk, a
written designation of items to be included in the clerk’s record was received
in April 2010 and the record was prepared. 
See Tex. R. App. P. 34.5(a), (b).  Appellant’s counsel submitted payment, and
appellant examined the record at the district clerk’s office.  Appellant decided that the record was
insufficient, instructed the district clerk not to file the record with this Court,
and took the record with her.  In the
months that followed, appellant filed additional designations of items to be
included in the clerk’s record, requesting documents in other cases and in other
courts, including criminal, federal, and county civil courts.  The district clerk provided appellant with a
written copy of her designation, indicating which of the documents it did not
have in its records.  

Thereafter, based on correspondence with this court, appellant began
asking the clerks of the various courts to search for records on appellant’s
behalf.[1]


On December 30, 2011, appellant filed a written request that the clerk of
this Court “contact the office of the Trial Court Clerks to request from them a
copy of the missing items,” citing Texas Rule of Appellate Procedure 34.5(e).[2]  See
Tex. R. App. P. 34.5(e).  

Rule 34.5(e), which governs lost or destroyed clerk’s records, provides
as follows: 

If a filing designated for inclusion in the clerk’s
record has been lost or destroyed, the parties may, by written stipulation,
deliver a copy of that item to the trial court clerk for inclusion in the
clerk’s record or a supplement.  If the
parties cannot agree, the trial court must—on any party’s motion or at the
appellate court’s request—determine what constitutes an accurate copy of the
missing item and order it to be included in the clerk’s record or a supplement.

 

Tex. R. App. P.
34.5(e).  Under the rule, the burden is on “the parties”
to deliver a copy of a lost item “to the trial court clerk” for inclusion in
the record.  Id.  Any dispute concerning
the accuracy of the items to be included in the clerk’s record is to be
resolved by the trial court.  See id. 


Moreover, to the degree that appellant seeks to designate items filed in
other cases and in other courts for inclusion in the record in this appeal, rule
34.5 allows the appellate record to be supplemented with additional items from the
existing trial court record. See Tex. R. App. P. 34.5(a)–(c).  That is, “it does not allow the creation of a
new trial court record.” See Richards v. Comm’n
for Lawyer Discipline,
35 S.W.3d 243, 251 (Tex. App.—Houston [14th Dist.] 2000, no pet.); Disco Mach. of Liberal Co. v. Payton,
900 S.W.2d 71, 74–75 (Tex. App.—Amarillo 1995, writ denied).

On February 17, 2012, the district clerk informed the Court that it still
had not received from appellant a final designation of items to be included in
the clerk’s record.  On March 6, 2012, the
Court notified appellant that, because she had, for two years, failed to file a
clerk’s record, the Court intended to dismiss the appeal if the clerk’s record
was not filed by March 15, 2012.  See
Tex. R. App. P. 42.3(c) (allowing
involuntary dismissal of appeal because appellant failed to comply with
requirement of rules, court order, or notice from the clerk requiring response
or other action within specified time). 
Appellant did not file the clerk’s record within the specified time, as
required; rather, appellant responded with another request that the clerk of
this Court contact the clerk of another court “to request . . . on behalf of my
client, Lynn Goetz, an accurate copy of the following missing records.”  

Accordingly, we dismiss the appeal.  See
id.  We dismiss all pending motions as
moot.

PER
CURIAM

Panel consists of Chief Justice Radack and Justices Higley and Brown.











[1]            Appellant filed in this
court a copy of her October 15, 2010 request for items to be included in the
clerk’s record.  Her lengthy request
involves civil and criminal cases in various state and federal courts, and
includes broad categories of materials with vague dates or dates spanning a
period of years.  Requests for additional
items must be specific. Tex. R. App. P.
34.5(b)(2).  In
addition, the clerk’s record may be supplemented if a “relevant item” has been
omitted.  Tex. R. App. P. 34.5(c)(1).  Appellant appeals the trial court’s order
dismissing her case for lack of jurisdiction. 





[2]
           Appellant
also cites Rule of Appellate Procedure 34.6(f) for support.  See
Tex. R. App. P. 34.6(f).  Rule 34.6(f), which governs lost or destroyed
reporter’s records, is not applicable to this discussion.  See id.