NO. 07-12-00232-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

AUGUST 2, 2012

_____

WENDELL H. TAYLOR, APPELLANT

v.

LUBBOCK REGIONAL MHMR & JI
TEXAS RISK MANAGEMENT AND
TEXAS DEPARTMENT OF INSURANCE
DIVISION OF WORKERS' COMPENSATION, APPELLEES

_____

FROM THE 99TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2012-501,151; HONORABLE WILLIAM C. SOWDER, JUDGE

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**ORDER OF ABATEMENT AND REMAND**

Wendell H. Taylor, appearing *pro se,* has filed a notice of appeal apparently

challenging two June 4, 2012 interlocutory orders of the trial court granting pleas to the

jurisdiction filed by appellees Lubbock Regional MHMR, JI Specialty Services, Inc.,

Texas Council Risk Management Fund, and Texas Department of Insurance-Workers'

Compensation Division.[1]  The clerk's record has been filed.  On our own motion we seek clarification of the trial court's orders.  *Cf. Lehmann v. Har-Con Corp.,* 39 S.W.3d 191, 206 (Tex. 2001) ("If the appellate court is uncertain about the intent of the order, it can abate the appeal to permit clarification by the trial court"); *Disco Mach. of Liberal Co. v. Payton,* 900 S.W.2d 71, 74 (Tex.App.--Amarillo 1995, writ denied) (abating for clarification).

On April 16, 2012, Lubbock Regional MHMR, JI Specialty Services, and the Risk Management Fund filed a combined answer and plea to the jurisdiction.  On May 1, 2012, the Division also filed a plea to the jurisdiction.

In the first of its June 4 orders, the trial court decreed that the plea to the jurisdiction of Lubbock Regional MHMR, JI Specialty Services, and the Risk Management Fund was "in all things" granted.  Taylor then was given twenty days to amend his claim against Lubbock Regional MHMR according to specifications stated in the order.

The order does not expressly state a disposition of the claims Taylor brought against JI Specialty Services or the Risk Management Fund, nor does it expressly state a disposition of the claims he brought against Lubbock Regional MHMR other than the claim seeking judicial review of the decision of the appeals panel dated February 13, 2012, which the court ordered amended.  Review of the record, including the combined answer and plea to the jurisdiction filed by those defendants, does not assist our

---

[1] Appellees are here identified as they were in the orders of the trial court made the subject of this order.

understanding of the court's order. *See Lehmann,* 39 S.W.3d at 205-06 (may be necessary for appellate court to look to the record to determine effect of trial court order).

The court's second June 4 order ordered and decreed that the Division's plea to the jurisdiction was "granted for a want of subject matter jurisdiction." By its plea, the Division sought an order dismissing the claims Taylor brought against it. It asserted Taylor's pleadings were an attempt to adjudicate claims of wrongdoing against the Division that were not first presented and determined through the administrative process. It added an assertion it is sovereignly immune from suit by virtue of its status as a state agency.

Considered in light of the terms of the Division's plea, the dispositive effect of the court's June 4 order granting its plea to the jurisdiction is more clear than its other order, but the order nonetheless does not expressly state a disposition of all claims brought against the Division.

Because we are uncertain about the intent of the court's order, we abate the appeal and remand the case to the trial court. On remand, the trial court shall, on notice to Mr. Taylor and counsel for all appellees, modify the first order to clearly and unequivocally state the disposition of claims asserted by Mr. Taylor against Lubbock Regional MHMR, JI Specialty Services and the Risk Management Fund the court intended by its grant of those parties' plea to the jurisdiction.

3

We request clarification of the second June 4 order as well. If the court intended to dismiss all claims plead against the Division, it shall modify the order to clearly and unequivocally so state. If its intention was otherwise, it shall modify the order accordingly.

The trial court shall include the modified orders in a supplemental clerk's record to be filed with the clerk of this court on or before August 31, 2012.

It is so ordered.

Per Curiam