

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-15-00133-CV

IRIS MENDOZA, AS REPRESENTATIVE OF THE ESTATE OF HUY PHAM,
DECEASED, AND AS NEXT FRIEND OF J.V. P., A MINOR AND HOANG PHAM AND
VINH PHAM, APPELLANTS

V.

LOUISIANA STONE, L.L.C. AND WAYNE HOPPER, APPELLEES

On Appeal from the 251st District Court
Potter County, Texas
Trial Court No. 103,962-C, Honorable Ana Estevez, Presiding

October 20, 2015

## ABATEMENT AND REMAND

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Iris Mendoza (as representative of the estate of Huy Pham and as Next Friend of J. V. P., a minor), Hoang Pham and Vinh Pham (appellants) attempt to appeal from an order granting a motion for summary judgment. The motion was filed by Louisiana Stone, L.L.C. and Wayne Hopper. We abate and remand the cause for entry of a final, appealable order.

The appellate record reveals that the trial court, on March 4, 2015, signed an order wherein it stated that "the Court is of the opinion that the motion should be granted" and that "IT IS, THEREFORE, ORDERED that the First Amended Motion for Summary Judgment of Louisiana Stone, L.L.C. and Wayne Hopper is granted." Missing from the March 4th order is verbiage indicating whether appellants were denied or granted recovery, in whole or part, against Louisiana Stone, L.L.C. and Wayne Hopper. Nor did this court find any other order in the record containing such language.

In *Chandler v. Reder*, 635 S.W.2d 895 (Tex. App.—Amarillo 1982, no writ), and *Disco Machine of Liberal Co. v. Payton*, 900 S.W.2d 71 (Tex. App.—Amarillo 1995, writ denied), we had occasion to consider summary judgments which lacked the language necessary to make the order final and appealable. In *Disco*, we noted that declarations by the trial court that the summary judgment was granted were nothing more than an indication of the trial court's decision *vis-a-vis* the motion for summary judgment. *Disco Machine of Liberal Co. v. Payton*, 900 S.W.2d at 74. They did "not express a specific settlement of rights between the parties" or "disclose the specific and final result officially condoned by and recognized under the law." *Id*. Thus, such orders were not final because they did not adjudicate the rights involved or evince a final result recognized by the law. *Texas Windstorm Ins. Ass'n v. Poole*, No. 07-07-0061-CV, 2007 Tex. App. LEXIS 8281 (Tex. App.—Amarillo October 18, 2007, no pet.) (per curiam) (mem. op.).

Here, we have a like order simply granting the motion for summary judgment. Without the decretal language expressly adjudicating the rights involved, it is not a final and appealable order. Nonetheless, it is rather clear that the trial court intended for the

2

dispute to be over, at least between appellants, Louisiana Stone, L.L.C. and Hopper. Given this situation, rule of procedure allows us to grant the trial court opportunity to modify the order from which appeal was taken to make it final. TEX. R. APP. P. 27.2 (stating that the appellate court may allow an appealed order that is not final to be modified so as to be made final and may allow the modified order and all proceedings relating to it to be included in a supplemental record).

Accordingly, we abate the appeal and remand the cause to the trial court. Upon remand, the trial court may issue such further orders or judgments necessary to create a final, appealable order in this cause. Unless a final, appealable order or judgment is included in a supplemental clerk's record and filed with the clerk of this court on or before November 6, 2015, the appeal will be reinstated and dismissed for want of jurisdiction.

Per Curiam