

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-16-00344-CV

FERRION & MARILYN HICKS, APPELLANT

V.

ISAAC SIMMONS, APPELLEE

On Appeal from the 237th District Court
Lubbock County, Texas
Trial Court No. 2015-514,681, Honorable Les Hatch, Presiding

April 25, 2017

## ABATEMENT AND REMAND

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Appellants, Ferrion and Marilyn Hicks, attempt to appeal from the trial court's order granting Isaac Simmons's motion for summary judgment signed June 28, 2016. We abate and remand the cause for entry of a final, appealable order.

The trial court's order granting summary judgment states as follows:

> After considering the evidence and the arguments of counsel, it is the opinion of this Court that Defendant's Motion for Summary Judgment is well taken and should be GRANTED.
>
> IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Defendant's Motion for Summary Judgment is GRANTED.

Nowhere in the order is there any declaration as to whether appellants were granted or denied relief, in whole or in part, or whether there remains any unresolved issue pending in the trial court.

This order, which demonstrates only the trial court's ruling on the motion for summary judgment, presents us with issues much like those we addressed in *Chandler v. Reder*, 635 S.W.2d 895, 896–97 (Tex. App.—Amarillo 1982, no writ) (op. on reh'g), and *Disco Machine of Liberal Co. v. Payton*, 900 S.W.2d 71, 73–74 (Tex. App.— Amarillo 1995, writ denied). In those cases, we had occasion to consider summary judgments which lacked the language necessary to make the order final and appealable. In *Disco*, we noted that declarations by the trial court that the summary judgment was granted were nothing more than an indication of the trial court's decision *vis-a-vis* the motion for summary judgment. *Disco Machine of Liberal Co.*, 900 S.W.2d at 74. They did "not express a specific settlement of rights between the parties" or "disclose the specific and final result officially condoned by and recognized under the law." *Id.* Thus, such orders were not final because they did not adjudicate the rights involved or evince a final result recognized by the law. *See id.*; *see also Mendoza v. La. Stone, LLC*, No. 07-15-00133-CV, 2015 Tex. App. LEXIS 10789, at *1–3 (Tex. App.— Amarillo Oct. 20, 2015) (per curiam) (mem. op.).

Here, we have a like order simply granting the motion for summary judgment. Without the decretal language expressly adjudicating the rights involved, it is not a final and appealable order. Given this situation, rules of appellate procedure allow us to grant the trial court opportunity to modify the order from which appeal was taken to make it final. Tex. R. App. P. 27.2 (stating that the appellate court may allow an

2

appealed order that is not final to be modified so as to be made final and may allow the modified order and all proceedings relating to it to be included in a supplemental record).

Accordingly, we abate the appeal and remand the cause to the trial court. Upon remand, the trial court may issue such further orders or judgments necessary to create a final, appealable order in this cause. Unless a final, appealable order or judgment is included in a supplemental clerk's record and filed with the clerk of this court on or before Monday, May 8, 2017, the appeal will be reinstated and dismissed for want of jurisdiction.

Per Curiam