

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-19-00434-CV

_____

OLIVER MCGEE, APPELLANT

V.

HOWARD UNIVERSITY, APPELLEE

On Appeal from the 72nd District Court
Lubbock County, Texas
Trial Court No. 2017-526,653; Honorable Ruben Gonzalez Reyes, Presiding

February 28, 2020

## ORDER OF ABATEMENT AND REMAND

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

Appellant, Oliver McGee, appeals from a judgment issued in favor of Appellee, Howard University, following a jury trial. Now pending before this court is *Appellant's Verified, Unopposed Motion to Abate Appeal and In the Alternative Motion for Extension.* We abate the appeal and remand the case to the trial court for further proceedings.

The trial court signed a judgment on September 16, 2019, stating "[t]his judgment finally disposes of all parties and all claims and is appealable." However, the judgment also directed Howard University to file a motion for entry of attorney's fees to "be determined by the Court." Howard University filed that motion on October 14, 2019, but the trial court has yet to rule on the motion. McGee subsequently filed this appeal.

McGee now requests that we abate all pending appellate deadlines until after the trial court rules on Howard University's motion for entry of attorney's fees. A hearing on the motion was scheduled for February 27, 2020.

### ANALYSIS

The appellate jurisdiction of a court of appeals is generally limited to final judgments and a few (here inapplicable) statutory exceptions. *Lehmann v. Har-Con Corp.,* 39 S.W.3d 191, 195 (Tex. 2001). While the judgment entered may enjoy a presumption of finality for purposes of appeal, the face of the judgment contains conflicting provisions which place that presumption into question. *See North East Indep. School Dist. v. Aldridge,* 400 S.W.2d 893, 897-98 (Tex. 1966). Where a question exists as to the finality of a judgment rendered after a conventional trial on the merits, then finality must be resolved by determining the intention of the trial court as gathered from the language of the decree and the record as a whole, aided on occasion by the conduct of the parties. *Vaughn v. Drennon,* 324 S.W.3d 560, 563 (Tex. 2010).

Here, the record contains some indication the trial court may not have intended to dispose of the entire case; however, based on the finality phrase contained in the judgment, it is not surprising that McGee filed a notice of appeal. Where an "appellate

2

court is uncertain about the intent of the order, it can abate the appeal to permit clarification by the trial court." *See Lehmann,* 34 S.W.3d at 206; TEX. R. APP. P. 27.2 (stating the appellate court may allow an appealed order that is not final to be modified so as to be made final and may allow the modified order and all proceedings relating to it to be included in a supplemental record). *See also Disco Mach. of Liberal Co. v. Payton,* 900 S.W.2d 71, 74 (Tex. App.—Amarillo 1995, writ denied) (abating for clarification).

Accordingly, in the interest of conservation of judicial resources, we grant the motion to abate and remand the case to the trial court. On remand, the trial court shall proceed to consider this matter and enter an order clarifying whether it intended its judgment to be a final appealable order on or before April 3, 2020. Upon entry of that clarifying order, the trial court shall cause a supplemental clerk's record including that order to be filed. All appellate deadlines are suspended until the filing of that supplemental clerk's record; whereupon the appellate deadlines set forth by the Texas Rules of Appellate Procedure shall become applicable.

It is so ordered.

Per Curiam