

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-20-00312-CV
_____

TIMOTHY CASTLEMAN AND CASTLEMAN CONSULTING, LLC,
APPELLANTS

V.

INTERNET MONEY, LTD D/B/A THE OFFLINE ASSISTANT AND KEVIN
O'CONNOR, INDIVIDUALLY, APPELLEES

On Appeal from the 237th District Court
Lubbock County, Texas
Trial Court No. 2020-540,788, Honorable Les Hatch, Presiding

November 23, 2020

## ABATEMENT AND REMAND

Before QUINN, C.J., and PARKER, and DOSS, JJ.

Timothy Castleman and Castleman Consulting, LLC, attempt to appeal from a trial court order granting the summary judgment motion of Internet Money, Ltd. d/b/a The Offline Assistant and Kevin O'Connor (Offline). We abate and remand the cause for entry of a final, appealable order.

The trial court's order granting summary judgment states as follows:

> On October 14, 2020, the Court having considered [Offline's] Motion for Summary Judgment to be in proper form . . . the Court after reviewing the pleadings, motions, exhibits, and

> responses on file, is of the opinion that the Motion for Summary Judgment should be granted.
>
> IT IS, THEREFORE, ORDERED that the . . . Motion for Summary Judgment is Granted.
>
> SO ORDERED.

Nowhere in the order is there any declaration as to whether appellants were granted or denied relief, in whole or in part, or whether there remains any unresolved issues pending in the trial court. This writing, which demonstrates only the trial court's ruling on the motion for summary judgment, presents us with issues much like those we addressed in *Chandler v. Reder*, 635 S.W.2d 895, 896–97 (Tex. App.—Amarillo 1982, no writ) (op. on reh'g); *Disco Mach. of Liberal Co. v. Payton*, 900 S.W.2d 71, 73–74 (Tex. App.—Amarillo 1995, writ denied); and *Hicks v. Simmons*, No. 07-16-00344-CV, 2017 Tex. App. LEXIS 3660, at *1–2 (Tex. App.—Amarillo Apr. 25, 2017, no pet.) (per curiam) (mem. op.). In those cases, we held declarations by the trial court merely stating that summary judgment or a summary judgment motion was granted were nothing more than an indication of the trial court's decision vis-a-vis the motion for summary judgment. *Hicks*, 2017 Tex. App. LEXIS 3660, at *2–3; *Disco Mach.*, 900 S.W.2d at 74. They did "not express a specific settlement of rights between the parties" or "disclose the specific and final result officially condoned by and recognized under the law." *Hicks*, 2017 Tex. App. LEXIS 3660, at *2–3. So, such orders were not final because they did not adjudicate the rights involved or evince a final result recognized by the law. *Id.*; *see Mendoza v. La. Stone, LLC*, No. 07-15-00133-CV, 2015 Tex. App. LEXIS 10789, at *1–3 (Tex. App.—Amarillo Oct. 20, 2015) (per curiam) (mem. op.).

Here, the order underlying this appeal simply grants the motion for summary judgment. Without decretal language expressly adjudicating the rights involved, it

appears short of being final and appealable. In these situations, the rules of appellate procedure allow us to grant the trial court opportunity to modify the order from which appeal was taken to make it final. TEX. R. APP. P. 27.2 (stating that the appellate court may allow an appealed order that is not final to be modified so as to be made final and may allow the modified order and all proceedings relating to it to be included in a supplemental record); *Hicks*, 2017 Tex. App. LEXIS 3660, at *2–3.

Accordingly, we abate the appeal and remand the cause to the trial court. Upon remand, the trial court may issue such further orders or judgments necessary to create a final, appealable order in this cause. Unless a final, appealable order or judgment is included in a supplemental clerk's record and filed with the clerk of this court on or before Thursday, December 3, 2020, the appeal will be reinstated and dismissed for want of jurisdiction.

Per Curiam