

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-22-00158-CV

GEORGE R. CHAPMAN, APPELLANT

V.

MARY STOY JOHNSON, STEPHANIE BROOKE JOHNSON, LLC, AND
STEPHANIE BROOKE JOHNSON-TURNER, APPELLEES

On Appeal from the 222nd District Court
Deaf Smith County, Texas
Trial Court No. CI-2019B-024, Honorable Roland D. Saul, Presiding

July 6, 2023

MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

George R. Chapman appealed from a trial court order simply granting a motion for summary judgment. The motion had been filed by Mary Stoy Johnson, Stephanie Brooke Johnson, LLC, and Stephanie Brooke Johnson-Turner (Johnson). Because the summary judgment *order* presented for appellate review is not a final, appealable summary *judgment*, we dismiss the appeal for want of jurisdiction.

Chapman sued Appellees for alleged fraudulent transfer of assets in avoidance of a judgment debt. Chapman sought damages, attorney's fees, and equitable relief. In response, Johnson counterclaimed and subsequently filed a combined no-evidence and traditional motion for summary judgment. On December 16, 2021, the trial court signed an order stating that the motion was granted.

Since *Chandler v. Reder*, 635 S.W.2d 895 (Tex. App.—Amarillo 1982, no writ), this Court has continuously held that an order simply granting a summary judgment motion is not final and appealable. *Id.* at 896–97; *Disco Machine of Liberal Co. v. Payton*, 900 S.W.2d 71, 73–74 (Tex. App.—Amarillo 1995, writ denied); *see also Keenan v. Robin*, No. 07-21-00190-CV, 2022 Tex. App. LEXIS 1225, at *3–4 (Tex. App.—Amarillo Feb. 22, 2022, no pet.) (per curiam) (mem. op.) (saying the same). In *Disco Machine*, we noted that merely granting such a motion was nothing more than indication of the trial court's ruling on the motion itself. *Disco Machine of Liberal Co.*, 900 S.W.2d at 74. Such does "not express a specific settlement of rights between the parties" nor does it "disclose the specific and final result officially condoned by and recognized under the law." *Id.* Thus, orders that merely grant the motion are not final because they do not adjudicate the rights involved or evince a final result recognized by the law. *See id.*

By letter on June 7, 2022, we notified Chapman of this circumstance and directed him to show grounds for continuing the appeal. We further informed him if no such grounds were provided, the appeal would be dismissed for want of jurisdiction. On June 24, 2022, a supplemental clerk's record was filed containing an *Order Granting Nonsuit*. No other order remedying the finality of the summary judgment order has been filed to date. The *Order Granting Nonsuit* did not supply the final summary judgment needed per

2

*Reder* and its progeny. It merely memorialized Johnson's decision to drop its counterclaim against Chapman.

Since approximately a year has lapsed from the date Chapman was informed of the jurisdictional defect and because we have yet to receive a final summary judgment, we dismiss the appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a).

Per Curiam

3